**IN THE UNITED STATES DISRTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATLLE**

| | |
|---|---|
| 10TH GEAR LLC, on behalf of itself and all others similarly situated,     ) | Case No. 2:23-cv-01933 |
|     ) | |
|     Plaintiff,     ) | **CLASS ACTION COMPLAINT** |
|     ) | |
| vs.     ) | **DEMAND FOR JURY TRIAL** |
|     ) | |
| PACCAR, INC., a Delaware Corporation,     ) | |
|     ) | |
|     Defendant.     ) | |
| _____ ) | |

For its Class Action Complaint against Defendant PACCAR, Inc. ("PACCAR"), Plaintiff 10th Gear, LLC ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by Plaintiff's attorneys.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

## **INTRODUCTION**

1.     This is a class action lawsuit brought by Plaintiff on behalf of itself and a nationwide class of current and former owners and lessees of tractor-trailer and vocational trucks manufactured by PACCAR, equipped with the EPA2021 MX-13 diesel engine (the "MX-13 engine") made by PACCAR engine company ("PEC"), and sold through PACCAR subsidiaries Kenworth Truck Company and Peterbilt Motors Company under the "Kenworth" and "Peterbilt" nameplates beginning in model year 2021.

2.     The fuel system in the MX-13 engine installed in these trucks is defective because the fuel injector tends to clog without warning, severely disrupting the engine's operation (the "Fuel System Defect").

3.     PACCAR knew or should have known the fuel system in the MX-13 engine installed in these trucks was defective at the time these trucks were sold, but chose to conceal this information from its customers, including Plaintiff herein.

4.      In choosing to conceal this information, PACCAR caused Plaintiff and the Class to purchase these trucks when they otherwise would not have purchased them at all or would not have purchased them for the amount they paid.

5.     In choosing to conceal this information, PACCAR caused Plaintiff and the Class to unknowingly undertake risks they otherwise would not have undertaken, including risks to their financial wellbeing, and risks to the safety and welfare of their drivers, the occupants of other vehicles and the general public.

6.     PACCAR's conduct violates the law of the State of Washington, where PACCAR has its headquarters.

7.     As of the date of this filing, PACCAR has still not revealed to its customers, the trucking industry or the general public that the fuel system used with the MX-13 engine is defective. Instead, on information and belief, PACCAR continues installing defective MX-13 engines and fuel systems in tractor-trailer and vocational trucks and selling those trucks to Class members even though PACCAR is and has been aware that the Fuel System Defect

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

could cause the MX-13 engine to fail at any moment, necessitating immediate repairs resulting in costly downtime, stranding drivers and compromising the safety of the general public.

8.     While PACCAR has covered these repairs under its Basic Engine Warranty, thereby acknowledging the Fuel System Defect is a "Warrantable Failure," it has not cured the defect.  Instead, PACCAR has recommended a temporary fix for a continuing problem that leaves these trucks subject to repeated and unpredictable mechanical breakdowns.

9.     PACCAR's decision to sell these trucks to unsuspecting customers without revealing the existence and extent of the Fuel System Defect was wrongful and unconscionable.  Even more unconscionable was PACCAR's effort to limit its customers' remedy to repeated and ineffective repairs, making no provision for the significant downtime and associated losses and expenses customers incur each and every time a repair is necessary.

10.     Plaintiff brings this action for violation of the Washington Consumer Protection Act, Wash Rev. Code. Ann. § 19.86.010, *et seq*., and breach of express warranty.

## THE PARTIES

11.     Plaintiff 10th Gear, LLC ("10th Gear") is a limited liability company organized and existing under the laws of the State of Kansas with a principal place of business at 4432 SE U.S. Highway 40, Tecumseh, KS 66542.

12.     Defendant PACCAR is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 777 106th Avenue N.E., Bellevue, Washington 98004. PACCAR manufacturers tractor-trailer and vocational trucks and sells them in the United States through its subsidiaries Kenworth and Peterbilt under the "Kenworth" and "Peterbilt" nameplates.

## JURISICTION AND VENUE

13.     This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). There are at least 100 members in the proposed Class, the aggregated claims of the individual Class members exceed the sum or value of $5,000,000.00

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1    exclusive of interest and costs, and members of the proposed Class are citizens of States

2    different from the Defendant.

3         14.    This Court may exercise general jurisdiction over PACCAR because PACCAR

4    has its headquarters located in this State.  PACCAR designed the EPA2021 MX-13 engine in

5    Washington, developed marketing materials related to the EPA2021 MX-13 engine in

6    Washington, drafted the Basic Engine Warranty covering or purporting to cover repairs to the

7    EPA2021 MX-13 engine in Washington, and directed dealerships and authorized repair

8    facilities how to handle and not handle warranty claims from Washington.

9         15.     Venue in this Court is proper in this District pursuant to 28 U.S.C. § 1391

10   because PACCAR has its headquarters located in this District and the wrongful conduct

11   giving rise to this case was directed from this District as set forth herein.

## FACTUAL ALLEGATIONS

### *PACCAR and the EPA2021 MX-13 Engine*

14        16.    PACCAR is a global technology company that designs and manufactures light-

15   , medium- and heavy-duty commercial vehicles sold worldwide under the "Kenworth,"

16   "Peterbilt" and "DAF" nameplates.

17        17.    PACCAR focuses on the premium segment of the trucking industry and

18   promotes its products as delivering "operational excellence and luxury" for its customers.

19        18.    PACCAR vehicles can be equipped with diesel engines and other powertrain

20   components designed and manufactured by PACCAR subsidiary, PEC.

21        19.    PEC designs and manufactures engines and components for both PACCAR

22   vehicles and for vehicles manufactured by various third parties.

23        20.    In 2021, PACCAR and PEC introduced the newly-designed EPA2021 MX-13

24   diesel engine, which was and continues to be offered as an optional power plant in certain

25   PACCAR trucks carrying the "Kenworth" and "Peterbilt" nameplates.

26

27

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

21.     PACCAR represented the MX-13 engine as offering "enhanced durability," among other things, resulting in "[m]ore power, longevity, uptime, ease of service and driver satisfaction."

22.     PACCAR represented the MX-13 engine as being "[b]acked by the longest – and strongest – major component warranty in the industry."

23.     PACCAR represented the MX-13 engine as an engine "that runs longer, performs better, and maximizes [the customer's] productivity."

24.     The following are excerpts from PACCAR's information materials regarding the MX-13 engine:



JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

## GREATER RELIABILITY AND MAXIMUM UPTIME

PACCAR is an innovation company, forever advancing the state-of-the-art in heavy duty diesel engines. With the PACCAR MX engines for 2021, virtually every part of the combustion process – and each critical component that helps produce and contain it – was scrutinized, modified, and improved. The objective: To design and produce a heavy-duty engine that not only meets EPA standards and offers unprecedented fuel efficiency, but to also produce an engine that runs longer, performs better, and maximizes your productivity. Mile after mile, day in and day out.

## REDUCED COMPLEXITY AND PERFORMANCE UPGRADES

The new-generation PACCAR MX-13 engine challenges convention and pushes boundaries to produce a less complex, easier-to-service solution that enhances reliability. For example, the fully-encapsulated engine harness – a PACCAR exclusive – protects much better against the elements. Improved routing reduces wiring congestion and block-mounted connectors ensure a stable, stress-free solution. Connections between the engine and vehicle were reduced and further protected from the elements.

25.     Repeatedly in its informational materials, PACCAR referenced the increased "uptime" associated with the MX-13 engine, suggesting that trucks equipped with the MX-13 engine would spend more time on the road and less time in the shop.

26.     Trucks equipped with MX-13 engines have sold exceptionally well.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

27.     PACCAR enjoyed a record year in 2022.  It delivered 185,900 trucks, and generated record revenues of *$28.82 billion* and record net income of *$3.01 billion*.

### The Fuel System Defect

28.     The representations PACCAR made regarding the MX-13 engine as referenced herein proved less than truthful.

29.     Almost immediately after the MX-13 engine was introduced, trucks equipped with the MX-13 engine began experiencing mechanical failures due to a problem with the engine's fuel system.

30.     A primary component of a fuel system is a fuel injector.

31.     A fuel injector is a device used to meter and inject fuel into gasoline and diesel internal combustion engines.

32.     When the fuel injector is open, liquid fuel passes through the injector under high pressure and becomes atomized as it exits through the injector's spray tip.

33.     The atomized fuel mixes with air and enters the combustion chamber where the mixture is ignited.

34.     The following is a basic illustration of a fuel system and its component parts, including the fuel injectors identified as Nos. 1-6:



JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

35.     The following is a basic illustration of a sample fuel injector and its component parts:



36.     The fuel system in the MX-13 engine is defective because the fuel injector tends to partially or completely clog without warning, preventing fuel from reaching the combustion chamber.  This can lead to a multitude of problems, including, but not limited to a severe loss of engine power, shaking or vibration of the vehicle, engine knocking or detonation, lean fuel mixtures, rpm fluctuations and engine failure.

37.     The fuel injectors utilized in the MX-13 engine often clog after minimal use and preventative maintenance is of little, if any, help.

38.     The Fuel System Defect is a widespread problem with MX-13 engines, the cause of which, on information and belief, is known to PACCAR; however, PACCAR has not yet disclosed this information to PACCAR's customers, the trucking industry or the general public.

39.     Based on conversations with repair technicians at authorized PACCAR repair facilities, one possible cause of the Fuel System Defect involves the atomization holes in the

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

internal spray tip (or orifice disk) of the fuel injector.  It is thought that during the manufacturing process for the fuel injectors, the atomization holes were made too small to allow fuel to pass through the injector properly. As a result, these holes are prone to partial or complete clogging after a short period of ordinary use.

40.     Alternatively, it is thought that the fuel system of these engines was designed and/or manufactured in such a way as to allow contaminants to be introduced into the fuel supply during routine operation, and that the introduction of these contaminants is responsible for the fuel injectors clogging.

41.     The precise cause of the Fuel System Defect remains under investigation by Plaintiff.  This investigation ultimately is expected to involve the testing and analysis of parts of the fuel system of one or more MX-13 engines by engineering and/or manufacturing experts.

42.     The Fuel System Defect threatens the safety of both the driver and the general public, as the MX-13 engine is typically installed in tractor-trailers used to transport extremely heavy loads nationwide.  When the ability of these trucks to operate and perform as intended is compromised, they become an inherent danger to anyone in or near them.

### *The Basic Engine Warranty and PACCAR's Knowledge of the Fuel System Defect*

43.     Almost immediately after the MX-13 engine was introduced, PACCAR's customers began complaining about clogged fuel injectors and bringing their trucks to authorized repair facilities for repairs.

44.     PACCAR covered these repairs under the terms of its Basic Engine Warranty, which is given to customers buying or leasing trucks equipped with PACCAR-manufactured engines.  A true and correct copy of the Basic Engine Warranty is attached hereto as Exhibit A.

45.     The Basic Engine Warranty is part of the basis of the bargain and is included in the purchase price of each vehicle.  Customers are not required to pay extra to receive the Basic Engine Warranty nor are they given the option to refuse the Basic Engine Warranty.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

46.     Customers, including Plaintiff herein, rely on the existence of the Basic Engine Warranty in purchasing vehicles equipped with the MX-13 engine.

47.     The Basic Engine Warranty is given to customers at or about the time the truck is delivered.

48.     The terms of the Basic Engine Warranty are drafted by PACCAR and are non-negotiable.

49.     The Basic Engine Warranty provides in pertinent part that the MX-13 engine "will be free from defects in materials and factory workmanship ('Warrantable Failures') appearing under normal commercial use and service during the time or mileage or hour limitations set forth in the attached Warranty Schedule."  These limitations are 24 months, 250,000 miles or 6,250 hours.

50.     In covering repairs to the fuel injectors and related fuel system components of the MX-13 engine, PACCAR acknowledged the Fuel System Defect was a "Warrantable Failure" within the meaning of its Basic Engine Warranty.

51.     Alternatively, to the extent PACCAR knew or believed the Fuel System Defect was not a "Warrantable Failure" within the meaning of its Basic Engine Warranty, PACCAR knowingly and intentionally waived its right to deny warranty coverage based on the terms of the parties' agreement and, as a matter of law, is precluded from asserting in this litigation that the Fuel System Defect is not a "Warrantable Failure" covered by the Basic Engine Warranty.

52.     On information and belief, PACCAR has never denied the Fuel System Defect was a "Warrantable Failure," and certainly has never denied the Fuel System Defect was a "Warrantable Failure" with respect to the warranty claims brought by Plaintiff herein.

53.     On information and belief, PACCAR monitored the warranty claims related to the Fuel System Defect and thereby became aware that it was a widespread problem by late 2021 or early 2022.

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

54.     On information and belief, PACCAR also knew there was no immediate fix for the Fuel System Defect available.  In some cases, faulty injectors could be made temporarily operational by cleaning them; however, these same injectors often clogged again, necessitating repeated repairs. Contrary to the representations made by PACCAR in its related advertising and informational material, these repeated failures of the MX-13 engine have resulted in financially crippling downtime for PACCAR customers.  PACCAR promised increased uptime and less downtime.

55.     PACCAR's customers complained about the need for these repeated repairs and the impact these repeated repairs were having on their businesses.  On information and belief, PACCAR monitored these complaints, thereby bolstering its knowledge of the widespread nature of the Fuel System Defect.

56.     By March 2022, faced with all this data, PACCAR was compelled to issue a Powertrain Service Bulletin to educate its authorized repair facilities about how the Fuel System Defect should be addressed.  In Bulletin E290, PACCAR told dealers "[i]f a customer comes into your dealership and demonstrates the condition above [related to clogged fuel injectors], use the attached procedure to clean the fuel injectors" but cautioned this procedure "is not a permanent fix."  Notably, this information was not shared directly with PACCAR's customers.

57.     Bulletin E290 further confirmed the Fuel System Defect was a "Warrantable Failure," as it stated that the procedure outlined therein—a procedure to temporarily unclog the fuel injector—would be covered by the Basic Engine Warranty.

***The Basic Engine Warranty Fails of its Essential Purpose and is Unconscionable***

58.     PACCAR's Basic Engine Warranty purports to sharply curtail the remedies available to customers purchasing trucks equipped with the MX-13 engine who experience a mechanical breakdown.  Indeed, the only remedy for these customers is the repair or replacement of "Warrantable Failures."

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

59.     The Basic Engine Warranty fails of its essential purpose because there was and remains no way to make the MX-13 engine free from defects.

60.     The fuel injector cleaning procedure outlined in Bulletin E290 provided only temporary relief; fuel injectors often clogged again without warning after minimal use, necessitating additional visits to the repair facility and additional downtime.

61.     Besides the cleaning procedure outlined in Bulletin E290, the only option was to replace the existing fuel injector with a new fuel injector, which also clogged when the truck was put into service.  Again, these failures resulted in additional repairs and additional downtime.

62.     Since no amount of warranty service would cure the Fuel System Defect, the MX-13 engine could not be made free from defects under the terms of the Basic Engine Warranty, such that, for example, a long-haul trucker could depend on his truck to not break down without warning in the middle of nowhere.

63.     On information and belief, PACCAR has manufactured or is in the process of manufacturing replacement fuel injectors and/or other components of the fuel system that may permanently remedy the Fuel System Defect.  But these replacement parts, if they are available now, were not available at the time the MX-13 engine was introduced or for a significant time thereafter.

64.     The Basic Engine Warranty is unconscionable because it was unilaterally drafted by PACCAR without negotiation or the opportunity for input from Plaintiff or Class members; because PACCAR knew about the Fuel  System Defect at the time these trucks were sold—information Plaintiff and the Class did not possess and could not reasonably obtain—and chose not to disclose this information at or prior to the time of sale; and because, on information and belief, PACCAR continues installing the MX-13 engine in trucks and selling those trucks to Class members even though it is unable to fully remedy the Fuel System Defect.

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

65.     Because of its superior knowledge, PACCAR had vastly superior bargaining power as compared with Plaintiff and the Class and used that superior bargaining power to compel Class members to unwittingly assume extreme financial risks, which they would never have assumed had they known the truth about the MX-13 engine.  PACCAR robbed Plaintiff and the Class of the ability to make an intelligent decision as to whether they should accept the limitations in the Basic Engine Warranty given the existence of a "Warrantable Failure" that could not be repaired or replaced.

66.     PACCAR's superior knowledge regarding the Fuel System Defect renders unconscionable PACCAR's attempt to shorten the time limitation for bringing a cause of action under the Basic Engine Warranty to just twelve months.  PACCAR sat in silence while its customers—Plaintiff and the Class—sought a permanent remedy for the Fuel System Defect when in fact a permanent remedy did not exist.  PACCAR's silence, combined with the fact that it treated the Fuel System Defect as a "Warrantable Failure" capable of repair or replacement, forestalled potential claims that might have been brought much earlier if PACCAR spoke up and told the truth.   PACCAR should not benefit from its fraudulent concealment of this known (to PACCAR) problem.

### *The Experience of 10th Gear, LLC*

67.     In 2021, 10th Gear special-ordered a new 2022 model year Kenworth truck equipped with an EPA2021 MX-13 engine from MHC Topeka, an authorized Kenworth dealership.

68.     10th Gear took delivery of the truck in December 2021 and had it prepared for flatbed use.

69.     10th Gear began operating the truck in January 2022.

70.     By March 2022, with just over 1,000 miles on the engine, 10th Gear began experiencing problems with the fuel system of the truck.  In particular, the fuel injectors began clogging.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

71.     10th Gear brought the truck back to the dealership for repairs and repairs were made under the Basic Engine Warranty.  10th Gear suffered four weeks of costly downtime while the dealership tested, diagnosed and flushed the fuel system and replaced three fuel injectors.

72.     10th Gear again experienced problems with the fuel system of the truck when the engine reached 37,226 miles.  10th Gear brought the truck back to the dealership for repairs and repairs were made under the Basic Engine Warranty.  10th Gear suffered two and a half weeks of costly downtime while the local dealership tested, diagnosed and flushed the fuel system.

73.     10th Gear experienced problems with the fuel system of the truck a third time when the engine reached 49,710 miles.  10th Gear brought the truck back to the dealership for repairs and repairs were made under the Basic Engine Warranty.  10th Gear suffered one week of costly downtime while the dealership tested, diagnosed and flushed the fuel system and replaced two fuel injectors.

74.     10th Gear experienced problems with the fuel system of the truck a fourth time when the engine reached 152,929 miles.  10th Gear brought the truck back to the dealership for repairs and repairs were made under the Basic Engine Warranty.  10th Gear suffered two and a half weeks of costly downtime while the dealership tested, diagnosed and flushed the fuel system and replaced one fuel injector.

75.     10th Gear experienced problems with the fuel system of the truck a fifth time when the engine reached 164,661 miles.  10th Gear brought the truck back to the dealership for repairs and repairs were made under the Basic Engine Warranty.  10th Gear suffered one week of costly downtime while the dealership tested, diagnosed and flushed the fuel system multiple times.

76.     10th Gear experienced problems with the fuel system of the truck a sixth time when the engine reached 172,239 miles.  10th Gear brought the truck back to the dealership

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

for repairs and repairs were made under the Basic Engine Warranty.  The truck was down for two days while the dealership tested, diagnosed and flushed the fuel system.

77.     10th Gear experienced problems with the fuel system of the truck a seventh time when the engine reached 202,995 miles.  The engine triggered a stop truck alarm while in route to Amarillo, Texas.   10th Gear brought the truck to a dealer in Amarillo for repairs.  10th Gear suffered one week of costly downtime while the dealership tested, diagnosed and flushed the fuel system and replaced one fuel injector.

78.     Finally, 10th Gear experienced problems with the fuel system of the truck an eighth time when the engine reached 206,601 miles.   The engine triggered a stop truck alarm while in route to Houston, Texas.   10th Gear brought the truck to a dealer in Houston for repairs. 10th Gear suffered one week of costly downtime while the dealership tested, diagnosed and flushed the fuel system and replaced six fuel injectors.

## **TOLLING AND ESTOPPEL**

79.     Plaintiff's causes of action did not arise until Plaintiff discovered, or by the exercise of reasonable diligence should have discovered, that it was injured by PACCAR's wrongful conduct as alleged herein.

80.     Because PACCAR concealed and failed to disclose the Fuel System Defect and because PACCAR affirmatively warranted and misrepresented that the MX-13 engine was free of defects, Plaintiff did not discover and could not have discovered the Fuel System Defect through reasonable diligence.

81.     The applicable statutes of limitations have been tolled by PACCAR's knowing and active concealment of the material facts regarding the MX-13 engine, in particular facts regarding the Fuel System Defect and the unavailability of a permanent remedy for that defect, and by PACCAR's affirmative warranties and misrepresentations that the MX-13 engine was free of defects.

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

82.     PACCAR kept Plaintiff and the Class ignorant of vital information essential to pursue their claims, without any fault or lack of diligence on the part of Plaintiff and Class members.

83.     PACCAR was under a continuous duty to disclose to Plaintiff and the Class the true character, quality, and nature of the MX-13 engine.

84.     At all relevant times, and continuing to this day, PACCAR knowingly, affirmatively, and actively misrepresented and concealed the true character, quality, and nature of the MX-13 engine, in particular the Fuel System Defect and the fact that the Fuel System Defect could not be permanently remedied.

85.     Plaintiff and the Class repeatedly presented their trucks to PACCAR's authorized dealerships and repair facilities for repair of the Fuel System Defect.  Ineffectual repairs and replacements were performed only to have fuel injectors become clogged again.

86.     Pursuant to the doctrines of equitable tolling, equitable estoppel, and fraudulent concealment, the period for bringing claims shall not be barred due to any statute of limitations. With respect to each and every cause of action herein, Plaintiff expressly plead equitable tolling, equitable estoppel, and fraudulent concealment and its application thereto.

## CLASS ACTION ALLEGATIONS

87.     Plaintiff brings this action pursuant to Rules 23(b)(2) & (3) of the Federal Rules of Civil Procedure.

88.     Plaintiff brings this action on behalf of the following Class:

All persons and entities in the United States who purchased or leased a new vehicle equipped with a PACCAR EPA2021 MX-13 diesel engine and made a claim for repairs pursuant to the Basic Engine Warranty accompanying the vehicle for problems related to the vehicle's fuel injectors.

Excluded from the Nationwide Class is PACCAR, any officers or directors of PACCAR, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which PACCAR has or had a controlling interest.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

89.     Plaintiff reserves the right to amend the definition of the Class as appropriate after further discovery.  Plaintiff also reserves the right to add Subclasses as appropriate in the event new parties are added to the lawsuit.

90.     The members of the Class are so numerous that joinder of all members is impracticable. Although the precise size of Class remains unknown as of the date of this filing, PACCAR's annual report shows that it sold close to 200,000 trucks in 2022 alone.  If even ten percent of those trucks were equipped with the MX-13 engine, the numerosity requirement would be easily satisfied.

91.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class purchased or leased a new vehicle equipped with a PACCAR EPA2021 MX-13 diesel engine and made a claim for repairs pursuant to the Basic Engine Warranty accompanying the vehicle for problems related to the vehicle's fuel injectors.

92.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and complex litigation and class actions.

93.     Plaintiff has no interests antagonistic to or in conflict with those of the Class.

94.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

A.      PACCAR's knowledge regarding the Fuel System Defect;

B.      PACCAR's disclosure or failure to disclose the Fuel System Defect;

C.      The cause or causes of the Fuel System Defect;

D.      The potential remedies, if any, for the Fuel System Defect;

E.      Whether PACCAR's Basic Engine Warranty fails of its essential purpose; and

F.      Whether the terms of PACCAR's Basic Engine Warranty are unconscionable.

95.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

CLASS ACTION COMPLAINT
Page 17
4F76245

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

Furthermore, the damages suffered by individual Class members, while significant, may pale in comparison to the cost and complexity of this action.  The expense and burden of individual litigation may make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## CAUSES OF ACTION
### Count I
### Violation of the Washington Consumer Protection Act
### Wash. Rev. Code Ann. § 19.86.010, et seq.

96.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

97.     The Plaintiff is a "person" within the meaning of the Washington Consumer Protection Act ("CPA").

98.     PACCAR is a "person" within the meaning of the CPA.

99.      At all times relevant hereto, PACCAR engaged in trade or commerce within the meaning of the CPA.

100.     PACCAR's actions as set forth herein constitute unfair acts or practices committed in the conduct of trade or commerce withing the meaning of the CPA.

101.     PACCAR's actions as set forth herein constitute deceptive acts or practices committed in the conduct of trade or commerce within the meaning of the CPA.

102.     In particular, as set forth herein, PACCAR manufactured and sold tractor-trailer and vocational trucks equipped with the MX-13 engine through its subsidiaries Kenworth Truck Company and Peterbilt Motors Company knowing but choosing not to disclose the material fact that these trucks suffered from the Fuel System Defect.

103.     Further, as set forth herein, PACCAR manufactured and sold tractor-trailer and vocational trucks equipped with the MX-13 engine through its subsidiaries Kenworth Truck Company and Peterbilt Motors Company knowing but choosing not to disclose the material fact that it could not permanently remedy the Fuel System Defect, and that repeated repairs would be necessary to keep the MX-13 engine operational.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

104.   PACCAR's actions were injurious to and in fact injured Plaintiff and the Class and had the capacity to injure members of the general public by putting on the road trucks that were unsafe.  The MX-13 engine is typically installed in tractor-trailers used to transport extremely heavy loads throughout the country.  When the ability of these trucks to operate and perform as intended is compromised—as when the engine loses power on a busy highway—these trucks become a danger to anyone in or near them. PACCAR's actions thus affected and continue to affect the public interest as well as the interest of Plaintiff and the Class.

105.   The acts alleged herein were committed in the course of PACCAR's business as part of a generalized course of conduct.  Repeated acts were committed prior to the act involving Plaintiff, as the Fuel System Defect is a widespread problem that became evident almost immediately after the EPA2021 MX-13 engine was introduced.  PACCAR has known about the Fuel System Defect ever since that time and yet, despite possessing that knowledge, continued to market and sell trucks equipped with the defective and unsafe engine to unwary consumers.  There is a real and substantial potential for repetition of PACCAR's conduct and PACCAR's conduct impacted scores of consumers.

106.   PACCAR's customers, including Plaintiff herein, were less sophisticated than PACCAR and lacked the knowledge and expertise to be able to immediately diagnose the problems with the trucks or the fact that those problems could not be permanently remedied by PACCAR's repairs.

107.   Because Plaintiff and the Class allege PACCAR committed fraud primarily through omissions, they are entitled to a presumption of reliance.  This presumption is particularly appropriate in this case, as no reasonable PACCAR customer would purchase a truck equipped with a defective MX-13 engine at all or absent a steep discount on the price of the truck if the customer knew the engine suffered from the Fuel System Defect.

108.   Alternatively, to the extent the Court deems a presumption of reliance does not apply, Plaintiff alleges it would not have purchased a truck equipped with the MX-13 engine

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

at all and/or under the terms then offered if the Fuel System Defect had been disclosed (which it was not).

109.   PACCAR's actions were the proximate and actual cause of Plaintiff's injuries and the injuries to the Class.  But for PACCAR's actions, Plaintiff and the Class would not have been injured.

110.   The injuries to Plaintiff and the Class include but are not limited to the downtime associated with affecting repeated repairs necessary to temporarily correct the Fuel System Defect and render the MX-13 engine temporarily operational, and the diminution in value of these trucks on the resale market.

111.   In addition to its actual damages, Plaintiff and the Class are entitled to treble damages and the reasonable attorney's fees and costs of bringing this action, all as allowed by the CPA.

112.   Plaintiff and the Class seek injunctive relief and therefore will serve the Washington Attorney General with a copy of this Class Action Complaint as required by Wash. Rev. Code Ann. § 19.86.095.

### Count II
### Breach of Express Warranty
### (On Behalf of the Nationwide Class)

113.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

114.   Plaintiff and the Class received PACCAR's Basic Engine Warranty at the time they purchased or leased their trucks.

115.   Under PACCAR's Basic Engine Warranty, PACCAR warrants that the Engines "will be free from defects in materials and factory workmanship ('Warrantable Failures') appearing under normal commercial use and service during the time or mileage or hour limitations set forth in the attached Warranty Schedule."

116.   Under PACCAR's basic engine warranty, PACCAR is required to "repair or replace[] 'Warrantable Failures' at authorized United States and Canadian PACCAR engine dealers, or an authorized PACCAR Engine Facility where applicable."

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

117.   The Fuel System Defect is a "Warrantable Failure" within the meaning of the Basic Engine Warranty.

118.   PACCAR has repeatedly and consistently treated the Fuel System Defect as a "Warrantable Failure" within the meaning of the Basic Engine Warranty.

119.   PACCAR's treatment of the Fuel System Defect as a "Warrantable Failure" within the meaning of the Basic Engine Warranty is determinative as to the issue of warranty coverage because, on information and belief, PACCAR knows and has known the precise cause and nature of the Fuel System Defect while Plaintiff and the Class lacked that knowledge.  PACCAR was and is in the best position to evaluate whether the Fuel System defect is covered by the Basic Engine Warranty and has repeatedly and consistently determined that the Fuel System Defect is covered by the Basic Engine Warranty.

120.   Further, through its voluntary and intentional action of accepting coverage for warranty claims involving the Fuel System Defect PACCAR has waived its right to contest whether the Fuel System Defect is covered by the Basic Engine Warranty.

121.   PACCAR breached the Basic Engine Warranty and continues to breach the Basic Engine Warranty because it could not and cannot repair or replace the "Warranty Failures" so that the MX-13 engine is free from defects.

122.   On information and belief, at the time Class members purchased vehicles equipped with the MX-13 engine, PACCAR knew that it could not honor the terms of its Basic Engine Warranty because the fuel system in the MX-13 engine was defective as set forth herein, and there was no way to permanently remedy the Fuel System Defect. The most that could be done was to affect a temporary repair that rendered the MX-13 engine temporarily operational.  But even after this repair was performed, the MX-13 engine remained subject to failing at any time, even after minimal use, necessitating repeated repairs and the associated downtime.   The MX-13 engine could not be made free from defects.

123.   Plaintiff and the Class used the MX-13 engine in a manner consistent with its intended use and fulfilled every obligation required under the Basic Engine Warranty.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

124.   Class members gave PACCAR clear and timely notice of the Fuel System Defect and afforded PACCAR multiple opportunities to honor the terms of its Basic Engine Warranty.  They brought their trucks to authorized dealers for repair, and PACCAR covered the Fuel System Engine Defect as a "Warrantable Failure."  But the trucks could not be repaired because the MX-13 employed a defective fuel system.  And there was no way to replace the fuel injectors and/or the related components of the fuel system because non-defective parts had not yet been manufactured.

125.   Because the "Warranty Failures" in the MX-13 engine could not be repaired or replaced so as to render them free from defects, the Class was left without a remedy and the Basic Engine Warranty failed and continues to fail of its essential purpose.

126.   Moreover, the terms of the Basic Engine Warranty, including the terms excluding PACCAR's liability for incidental and consequential damages, are unconscionable. The Basic Engine Warranty is a form adhesion contract that the Class members could not negotiate or refuse when buying or leasing their trucks.  The contract is wholly one-sided because at the time Class members purchased trucks equipped with the MX-13 engine, PACCAR possessed knowledge regarding the Fuel System Defect that Class members did not possess and could not have acquired through reasonable investigation.  PACCAR had vastly superior bargaining power and used that superior bargaining power to compel Class members to assume extreme financial risks they did not know they were assuming and would never have assumed had they known the truth about the MX-13 engine.

127.   Furthermore, PACCAR forced Class members to unknowingly assume risks to their safety and physical well-being.  The defect in the MX-13 engine can cause the engine to become inoperable at any time.  Because the MX-13 engine is often installed in vehicles used for over-the-road trucking, this can result in the operators of those vehicles being stranded in the middle of nowhere, far away from any service center or other facility that might install a temporary fix to make the MX-13 engine operable again.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

128. The defects in MX-13 engine have caused class members to experience significant downtime caused by the failure of the fuel system, for which there is not currently a permanent solution. The exclusion of incidental and consequential damages in the Basic Engine Warranty is procedurally and substantively unconscionable, and therefore unenforceable.

129. Plaintiff and the Class have been robbed of the benefit of their bargain: a reliable and operational engine free of material defects.

130. The repair and replacement services offered by PACCAR did not fix the problem with the MX-13 engine. As a result of PACCAR's failure to properly or adequately repair or replace the "Warrantable Failure" in the MX-13 engines installed in Plaintiff's vehicle and vehicles owned or leased by other Class members, Plaintiff and the Class have suffered actual, incidental, and consequential damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class demand judgment against PACCAR as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative and appointing undersigned counsel as counsel for the Class;

B. Ordering PACCAR to provide notice to the Class of the Fuel System Defect;

C. Awarding Plaintiff and the Class all permissible damages;

D. Awarding Plaintiff and the Class punitive damages;

E. Awarding Plaintiff and the Class treble damages as allowed by the CPA;

F. Awarding Plaintiff and the Class their reasonable attorney's fees, expert witness fees and the costs of this lawsuit as allowed by the CPA;

G. Awarding Plaintiff and the Class pre-judgment and post-judgment interest;

H. Imposing civil penalties on PACCAR as allowed by the CPA;

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

I.  Ordering PACCAR to pay for any future repairs to the fuel injectors of Class members' trucks until such time as a demonstrably permanent solution is found for the Fuel System Defect; and

J.  Awarding such other and further relief as this Court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff and the Class hereby demands trial by jury on all issues so triable.

DATED this 15th day of December, 2023.

Attorneys for Plaintiff

By: s/  *Sally W. Harmeling*
Sally W. Harmeling, WSBA No. 49457
Jeffers, Danielson, Sonn & Aylward, P.S.
2600 Chester Kimm Road
P.O. Box 1688
Wenatchee, WA 98807-1688
Telephone: 509-662-3685
Fax: 509-662-2452
Email: SallyH@jdsalaw.com

Benjamin Donovan
David Marcus
(*pro hoc vice* application forthcoming)
Bartle & Marcus LLC
4700 Belleview Ave., Suite 200
Kansas City, MO 64112
Telephone: 816-268-6775
Fax: 816-222-0534
Email: bdonovan@bmlawkc.com
Email: dmarcus@bmlawkc.com

CLASS ACTION COMPLAINT
Page 24
4F76245

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688