UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10TH GEAR, *et al.*,

        Plaintiffs,

    v.

PACCAR INC.,

        Defendant.

CASE NO. 2:23-cv-01933-RSL

ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on "Defendant's Motion for a Protective Order and to Strike Plaintiffs' Notice of Deposition for Corporate Officer John Rich." Dkt. 63. Plaintiffs noted the deposition of John Rich, PACCAR's Vice President and Chief Technology Officer, who reports directly to PACCAR's Chief Executive Officer and oversees the company's global powertrain organization. PACCAR seeks an order prohibiting the deposition, arguing that Mr. Rich is an "apex" executive and that plaintiffs have failed to show (a) that he has unique, first-hand knowledge relevant to this case and (b) that plaintiffs have exhausted less burdensome discovery options.[1]

Under Rule 26(c)(1) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding or limiting the scope of a

---

[1] PACCAR also objected to the limited time between the date the notice was served and the proposed deposition.. Plaintiffs are, and have been, willing to negotiate the date and time of the deposition.

ORDER DENYING DEFENDANTS' MOTION FOR
PROTECTIVE ORDER - 1

deposition. PACCAR, as the party seeking a protective order, bears the burden of showing good cause for the order by "demonstrating harm or prejudice that will result from the discovery." *Rivera v NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). When a party seeks the deposition of a high-level executive (a so-called "apex" deposition), courts are generally willing to assume "that such discovery creates a tremendous potential for abuse or harassment." *Est. of Levingston v. Cnty. of Kern*, 320 F.R.D. 520, 525 (E.D. Cal. 2017) (citation omitted). If there is any reason to suspect abuse or harassment, such as where the apex executive lacks first-hand knowledge or the requested information can be obtained from another, less burdensome source, courts will exercise their discretion under Rule 26(c) to prohibit or limit discovery. *See, e.g., BAE Sys. San Diego Ship Repair Inc. v. United States*, 670 F. Supp.3d 1064, 1070 (S.D. Cal. 2023) (citation omitted); *In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. C-07-05634 CRB (DMR), 2014 WL 939287, at *2 (N.D. Cal. Mar. 6, 2014) (citation omitted).

      The apex doctrine is a judicially-created tool designed to curb abusive tactics, but it "exists in tension with otherwise broad allowance for discovery of party witnesses under the federal rules." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 282 F.R.D. 259, 263 (N.D. Cal. 2012). The fact that a witness with personal knowledge of facts relevant to a lawsuit happens to be a top corporate executive is not, standing alone, sufficient to preclude a deposition. *Id.* (citation omitted). Rather, the Court will exercise its discretion under Rule 26(c) to prohibit or limit discovery only where the balance of relevance, proportionality, and burden warrant such relief. *In re Apple iPhone Antitrust Litig.*, No. 11-cv-06714-YGR (TSH), 2021 WL 485709, at *4 (N.D. Cal. Jan. 26, 2021) (noting that the "apex doctrine" is not part of the Federal Rules of Civil Procedure and "is really just an application of Rule 26's requirements of relevance and proportionality and protecting a person from abuse or harassment.").

ORDER DENYING DEFENDANTS' MOTION FOR
PROTECTIVE ORDER - 2

The Court finds that Mr. Rich is an "apex executive" for purposes of this analysis. The concern that discovery is being used to harass, rather than obtain relevant evidence, is therefore at issue. Plaintiffs, however, have shown that Mr. Rich is likely to possess unique, non-repetitive information[2] that cannot be obtained through less burdensome means. *In re Apple iPhone Antitrust Litig.*, 2021 WL 485709, at *5. Mr. Rich was involved in conversations with PACCAR's Chief Executive Officer regarding "the injector-fouling issue," in particular how the European and North American truck teams were communicating and sharing information about the problem. Dkt. 71-1 at 18. Mr. Rich was familiar with the company's data tracking, problem management, and permanent corrective action plan, which were being coordinated by one of the teams he oversees. Dkt. 71-1 at 19. In discussions with his direct reports, Mr. Rich rejected a causal theory related to fuel impurities on which PACCAR seemingly relies in this litigation. Dkt. 71-1 at 21. When plaintiffs took the deposition of Brian Bressler, one of those direct reports and the head of the North America After Sales Division, Mr. Bressler attempted to explain away or minimize Mr. Rich's statements regarding causation. Dkt. 71-1 at 21-23.

In this context, Mr. Rich appears to be the best (if not the only) witness to explain and contextualize his statements that Shell fuels were not the issue and that PACCAR's new injector was "not tolerant of normal contaminants in the fuel matrix" whereas its other injectors were. Dkt. 71-1 at 21. *See Navarette v. City of Kent*, No. 2:22-cv-01431-JNW, 2024 WL 5315318, at * 2 (W.D. Wash. Dec. 31, 2024). Nor is there any reason to suspect that plaintiffs have noted Mr. Rich's deposition in order to cause undue burden: PACCAR does not argue that Mr. Rich is unavailable for any reason, and his deposition does not

---

[2] As is the case in all discovery disputes, the party seeking discovery need not conclusively prove that its requests for production will generate relevant responses or that the deponent undoubtedly has unique, non-repetitive information. *See In re Apple iPhone Antitrust Litig.*, 2021 WL 485709, at *5. Rather, "where a corporate officer may have any first-hand knowledge of relevant facts, the deposition should be allowed." *Finisar Corp. v. Nistica, Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *2 (N.D. Cal. June 30, 2015).

ORDER DENYING DEFENDANTS' MOTION FOR
PROTECTIVE ORDER - 3

appear to be any more burdensome than PACCAR's proposal of preparing for and defending the depositions of three other Rule 30(b)(1) witnesses and one or more Rule 30(b)(6) designees. Although courts generally refuse to allow the deposition of a high level executive before the testimony of lower level employees is taken, plaintiffs did attempt to confirm and validate Mr. Rich's statements through the deposition of Mr. Bressler and were thwarted.

Where there is reason to believe that the apex deponent has unique knowledge of high-level events, analysis, and decision-making relevant to the claims at issue, where the apex deposition is proportional to the needs of the case, and where the burden of producing the apex deponent appears to be no greater than the alternatives,[3] any presumption of abuse or harassment that arises from the deponent's executive-level role in the company falls away. *See Garner v. Amazon.com, Inc.*, No. 2:21-cv-00750-RSL, 2023 WL 6038012, at *2 (W.D. Wash. Sept. 15, 2023). Regardless whether PACCAR bears the traditional Rule 26(c) burden of showing that the deposition will cause annoyance, embarrassment, oppression, or undue burden/expense or whether plaintiffs bear the burden of rebutting a presumption of abuse or harassment that arises when an apex deposition is sought, the result is the same in this case: plaintiffs may depose Mr. Rich. *See OMA Constr., Inc. v. Teamsters Loc. 174*, No. 2:22-CV-01631-LK, 2024 WL 1156411, at *3 (W.D. Wash. Mar. 18, 2024).

//

//

---

[3] PACCAR offers no support or justification for its request that any deposition of Mr. Rich be limited to two hours and to the emails discussed in the opposition memorandum. Dkt. 73 at 7.

ORDER DENYING DEFENDANTS' MOTION FOR
PROTECTIVE ORDER - 4

For all for all of the foregoing reasons, PACCAR's motion for a protective order (Dkt. 63) is DENIED. Mr. Rich's deposition shall be taken at a mutually agreeable time and place.

Dated this 12th day of September, 2025.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS' MOTION FOR
PROTECTIVE ORDER - 5