THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

10TH GEAR LLC, G4 INNOVATIONS LLC, LITTLE DIESEL TRANSPORTATION, ZEKE AND LIZZIE, LLC, VISION AG, LLC, L Z S CEREMONIAL TRAILS, INC., MATTSON'S LAWN & GARDEN, INC., CRC Transport,LLC, TRPVS, Inc., MULTI LOGISTIC LLC, SAN BENITO EQUIPMENT, LLC, BRENT REDMOND TRANSPORTATION INC., CPC CONSTRUCTORS INC., VOGES AND SCHERZER TRUCKING LLC, WOLVERINE HAULERS LLC, BK TRUCKING COMPANY INC., HILLFORD C TRUCKING INC., AMS TRUCKING LLC, NTA LTD., 3 RUSTY NAILS, INC., KIMRAD TRANSPORT LP, VINTNER'S LOGISTICS LLC, AVALA EXPRESS LLC, JOSHUA BUTLER, KJM ENTERPRISES INC., LD ENTERPRISE LLC, VANCORE, INC., WEBB PALLET SERVICE CORPORATION, SPRUCE TRUCKING LLC, M R On Time Construction, Inc., JOHN H. KOOY TRUCKING, INC., on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

PACCAR, INC., a Delaware Corporation,

Defendant.

Case No. 2:23-cv-01933-RSL

**THIRD AMENDED CLASS ACTION COMPLAINT**



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

For their Third Amended Class Action Complaint against Defendant PACCAR, Inc. ("PACCAR"), Plaintiffs 10th Gear, LLC, G4 Innovations LLC, Little Diesel Transportation, Zeke and Lizzie LLC, Vision AG, LLC, L Z S Ceremonial Trails Inc., Mattson's Lawn & Garden, Inc., CRC Transport, LLC, TRPVS, Inc., Multi Logistic LLC, San Benito Equipment, LLC, Brent Redmond Transportation, Inc., CPC Constructors Inc., Voges and Scherzer Trucking LLC, Wolverine Haulers LLC, BK Trucking Company, Inc., Hillford C Trucking Inc., AMS Trucking LLC, NTA Ltd., 3 Rusty Nails, Inc., Kimrad Transport LP, Vintner's Logistics LLC, Avala Express LLC, Joshua Butler, KJM Enterprises, Inc., LD Enterprise LLC, Vancore, Inc., Webb Pallet Service Corporation, Spruce Trucking LLC, M R On Time Construction, Inc., and John H. Kooy Trucking, Inc. (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, allege the following based upon personal knowledge as to Plaintiffs and Plaintiffs' own acts, and upon information and belief as to all other matters based on the investigation conducted by Plaintiffs' attorneys. Plaintiffs believe substantial evidentiary support exists for the allegations set forth herein.

## INTRODUCTION

1. This is a class action lawsuit brought by Plaintiffs on behalf of themselves and a nationwide class of current and former owners and lessees of tractor-trailer and vocational trucks manufactured by PACCAR, equipped with the EPA 2021 MX-13 diesel engine made by PACCAR Engine Company ("PEC"), and sold through PACCAR subsidiaries Kenworth Truck Company and Peterbilt Motors Company under the "Kenworth" and "Peterbilt" nameplates beginning in model year 2021.

2. The fuel system[1] employed with the EPA 2021 MX-13 engine in these trucks is defective because the fuel injectors fail at a much higher frequency and after far less use than fuel injectors in comparable engines or in prior versions of the MX-13 engine and such failures often render the trucks inoperable (the "Fuel System Defect").

[1] The term fuel system means each of the following engine components, collectively or individually: fuel tank, fuel pump, fuel filter, fuel lines, fuel injectors, and fuel pressure regulator.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

3. PACCAR knew or should have known the fuel system in the EPA 2021 MX-13 engine installed in these trucks was defective at the time these trucks were sold, but chose to conceal this information from its customers, including Plaintiffs herein.

4. In choosing to conceal this information, PACCAR caused Plaintiffs and the Class to purchase these trucks when they otherwise would not have purchased them at all or would not have purchased them for the amount they paid.

5. In choosing to conceal this information, PACCAR caused Plaintiffs and the Class to unknowingly undertake risks they otherwise would not have undertaken, including risks to their financial wellbeing, and risks to the safety and welfare of their drivers, the occupants of other vehicles and the general public.

6. Through at least the end of 2023, PACCAR continued installing defective EPA 2021 MX-13 engines and fuel systems in tractor-trailer and vocational trucks and selling these trucks to Class members in blatant disregard of the debilitating financial risk associated with ownership and operation of the trucks and the immediate physical dangers posed to drivers and the general public.

7. PACCAR did not introduce a permanent fix for the Fuel System Defect until at the earliest June 2024, when a new fuel injector known as the "Pack 2" became available for model year 2021 through 2023 trucks. Prior to that time, PACCAR continued replacing the original fuel injectors in model year 2021 through 2023 trucks with replacement injectors that, by PACCAR's own admission, did not meet industry reliability standards. PACCAR also implemented other temporary fixes that masked the problem but did not remedy it. It remains unclear whether the Pack 2 is actually a permanent fix.

8. As of the date of this filing, PACCAR still has not revealed to its customers, the trucking industry or the general public that the fuel system used with the EPA 2021 MX-13 engine was defective. Instead, to the extent PACCAR has said anything about the issue, it has attempted to blame these problems on third party diesel fuel suppliers or climate conditions, despite the fact that (a) engines manufactured by competitor brands fueling at the same stations were not plagued



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

with fuel system failures, (b) these fuel system failures occurred year-round throughout the country, and (c) these fuels met industry standards and PACCAR's own standards.

9. PACCAR's decision to sell these trucks to unsuspecting customers without revealing the existence and extent of the Fuel System Defect was and remains wrongful and unconscionable. Even more unconscionable was PACCAR's effort to limit its customers' remedy to repeated and ineffective repairs while simultaneously ignoring the crippling effects these failures have on its customers' operations. Multiple Class members have been driven to financial ruin by this issue and the resale value of affected trucks has diminished dramatically. Truck dealers don't want them on their lots because no one wants to buy them except at a drastically reduced price due to their diminished usefulness. For most Class members who financed their trucks (which in some cases sold new for in excess of $200,000), this rapid and then-unforeseen devaluation outpaced their payment schedules, leaving many in the miserable position of owing much more on their trucks than they are now worth. Some have reported a 60% devaluation in their trucks in a single year, based on buyback offers from the same PACCAR authorized dealers who sold them new.

10. Plaintiffs bring this class action for breach of express warranty and reserve the right to add additional causes of action if and to the extent further discovery reveals facts to support them.

## THE PARTIES

11. Plaintiff 10th Gear, LLC is a limited liability company organized and existing under the laws of the State of Kansas with a principal place of business at 4432 SE U.S. Highway 40, Tecumseh, Kansas 66542.

12. Plaintiff G4 Innovations LLC is a limited liability company organized and existing under the laws of the State of Kansas with a principal place of business at 12351 South Crest Drive, Olathe, Kansas 66061.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

13. Plaintiff Little Diesel Transportation is a limited liability company organized and existing under the laws of the State of Missouri with a principal place of business at 2048 Buena Vista Road, Branson, Missouri 65616.

14. Plaintiff Zeke and Lizzie LLC is a limited liability company organized and existing under the laws of the State of Kansas with a principal place of business at 4555 N. Jennie Barker Road, Garden City, Kansas 67846.

15. Plaintiff Vision AG, LLC is a limited liability company organized and existing under the laws of the State of Kansas with a principal place of business at 4555 N. Jennie Barker Road, Garden City, Kansas 67846.

16. Plaintiff L Z S Ceremonial Trails Inc. is a corporation organized and existing under the laws of the State of Florida with a principal place of business at 1664 Cassingham Circle, Ocoee, Florida 34761.

17. Plaintiff Mattson's Lawn & Garden, Inc. is a corporation organized and existing under the laws of the State of Minnesota with a principal place of business at 68872 115th Street, Emmons, Minnesota 56029.

18. Plaintiff CRC Transport LLC is a limited liability company organized and existing under the laws of the State of Alabama with a principal place of business at 2074 S. McKennzie Street, PMB#317, Foley, Alabama 36542.

19. Plaintiff TRPVS, Inc. is a corporation organized and existing under the laws of the State of Illinois with a principal place of business at 465 W Dominion Drive, #309, Wood Dale, Illinois 60191.

20. Plaintiff Multi Logistic LLC is a limited liability company organized and existing under the laws of the State of Maryland with a principal place of business at 10207 Drumm Avenue, Kensington, Maryland 20895.

21. Plaintiff San Benito Equipment LLC is a limited liability company organized and existing under the laws of the State of California with a principal place of business at 1800 Lana Way, Hollister, California 95023.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

22. Plaintiff Brent Redmond Transportation, Inc. is a corporation organized and existing under the laws of the State of California with a principal place of business at 1800 Lana Way, Hollister, California 95023.

23. Plaintiff CPC Constructors Inc. is a corporation organized and existing under the laws of the State of Colorado with a principal place of business at 455 Young Court, Unit 4, Erie, Colorado 80516.

24. Plaintiff Voges and Scherzer Trucking LLC is a limited liability company organized and existing under the laws of the State of Indiana with a principal place of business at 6014 State Road 62, Bristow, Indiana 47515.

25. Plaintiff Wolverine Haulers LLC is a limited liability company organized and existing under the laws of the State of Michigan with a principal place of business at 3130 Glade Street, Suite B, Muskegon, Michigan 49444.

26. Plaintiff BK Trucking Company, Inc. is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business at 1009 Harding Highway, Newfield, New Jersey 08344.

27. Plaintiff Hillford C Trucking Inc. is a corporation organized and existing under the laws of the State of New York with a principal place of business at 3 Bee Street, Valley Stream, New York 11580.

28. Plaintiff AMS Trucking LLC is a corporation organized and existing under the laws of the State of Pennsylvania with a principal place of business at 2864 St Lawrence Road, Flinton, Pennsylvania 16640.

29. Plaintiff NTA LTD is a limited company organized and existing under the laws of the State of South Dakota with a principal place of business at 1001 4th Street NW PO Box 831, Huron, South Dakota 57350.

30. Plaintiff 3 Rusty Nails, Inc. is a corporation organized and existing under the laws of the State of Tennessee with a principal place of business at 303 Tom Grisson Road, Morrison, Tennessee 37357.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

31. Plaintiff Kimrad Transport LP is a limited partnership organized and existing under the laws of the State of Texas with a principal place of business at 371 W. Loop 335 South, Amarillo, Texas 79118.

32. Plaintiff Vintner's Logistics LLC is a limited liability company organized and existing under the laws of the State of Washington with a principal place of business at 103612 Wiser Parkway, Kennewick, Washington 99338.

33. Plaintiff Avala Express LLC is a limited liability company organized and existing under the laws of the State of Wisconsin with a principal place of business at 3513 Ten Point Lane, Franksville, Wisconsin 53126.

34. Plaintiff Joshua Butler is a natural person residing in and a citizen of the State of Florida.

35. Plaintiff KJM Enterprises, Inc. is a corporation organized and existing under the laws of the State of Illinois with a principal place of business at PO Box 502 North Aurora, Illinois 60542.

36. Plaintiff LD Enterprise LLC is a limited liability company organized and existing under the laws of the State of Pennsylvania with a principal place of business at 4829 Charles Road, Mechanicsburg, Pennsylvania 17050.

37. Plaintiff Vancore, Inc. is a corporation organized and existing under the laws of the State of Illinois with a principal place of business at 805 Essex Street, Prospect Heights, Illinois 60070.

38. Plaintiff Webb Pallet Service Corporation is a corporation organized and existing under the laws of the State of Minnesota with a principal place of business at 16640 Jordan Avenue, Jordan, Minnesota 55352.

39. Plaintiff Spruce Trucking LLC is a limited liability company organized and existing under the laws of the State of Colorado with a principal place of business at 10411 Holden Cir., Franktown, Colorado 80116.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

40. Plaintiff M R On Time Construction, Inc. is a corporation organized and existing under the laws of the State of North Carolina with a principal place of business at 3008 NC Highway 97, Wendell, North Carolina 27591.

41. Plaintiff John H. Kooy Trucking, Inc. is a corporation organized and existing under the laws of the State of Washington with a principal place of business at 19324 67th Avenue NE, Arlington, Washington 98223.

42. Defendant PACCAR is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 777 106th Avenue N.E., Bellevue, Washington 98004. PACCAR manufacturers tractor-trailer and vocational trucks and sells them in the United States through its subsidiaries Kenworth and Peterbilt under the "Kenworth" and "Peterbilt" nameplates. In Europe, PACCAR manufactures and sells trucks under the "DAF" nameplate.

## JURISDICTION AND VENUE

43. This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). There are at least 100 members in the proposed Class, the aggregated claims of the individual Class members exceed the sum or value of $5,000,000.00 exclusive of interest and costs, and members of the proposed Class are citizens of States different from the Defendant.

44. This Court may exercise general jurisdiction over PACCAR because PACCAR has its headquarters located in this State. PACCAR designed the EPA 2021 MX-13 engine in part in Washington, developed marketing materials related to the EPA 2021 MX-13 engine in Washington, drafted the Limited Warranty Agreement covering or purporting to cover repairs to the EPA 2021 MX-13 engine in Washington, and directed dealerships and authorized repair facilities how to handle and not handle warranty claims from Washington.

45. Venue in this Court is proper in this District pursuant to 28 U.S.C. § 1391 because PACCAR has its headquarters located in this District and the wrongful conduct giving rise to this case was directed from this District as set forth herein.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## FACTUAL ALLEGATIONS

### *PACCAR and the EPA 2021 MX-13 Engine*

46. PACCAR is a global technology company that designs and manufactures light-, medium- and heavy-duty commercial vehicles sold worldwide under the "Kenworth," "Peterbilt" and "DAF" nameplates.

47. PACCAR focuses on the premium segment of the trucking industry and promotes its products as delivering "operational excellence and luxury" for its customers.

48. PACCAR vehicles can be equipped with diesel engines and other powertrain components designed and manufactured by PACCAR subsidiary, PEC.

49. PEC designs and manufactures engines and components for both PACCAR vehicles and for vehicles manufactured by various third parties.

50. In 2021, PACCAR and PEC introduced the newly-designed EPA 2021 MX-13 diesel engine, which was offered as one of two optional power plants in certain PACCAR trucks carrying the "Kenworth," "Peterbilt" and "DAF" nameplates until 2024, when it was replaced by the EPA 2024 MX-13 engine. A Cummins brand engine was the alternative power plant offered.

51. PACCAR represented the EPA 2021 MX-13 engine as offering "enhanced durability," among other things, resulting in "[m]ore power, longevity, uptime, ease of service and driver satisfaction."

52. PACCAR represented the EPA 2021 MX-13 engine as being "[b]acked by the longest – and strongest – major component warranty in the industry."

53. PACCAR represented the EPA 2021 MX-13 engine as an engine "that runs longer, performs better, and maximizes [the customer's] productivity."

54. Below are excerpts from PACCAR's information materials regarding the EPA 2021 MX-13 engine:



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com




**GREATER RELIABILITY AND MAXIMUM UPTIME**

PACCAR is an innovation company, forever advancing the state-of-the-art in heavy duty diesel engines. With the PACCAR MX engines for 2021, virtually every part of the combustion process – and each critical component that helps produce and contain it – was scrutinized, modified, and improved. The objective: To design and produce a heavy-duty engine that not only meets EPA standards and offers unprecedented fuel efficiency, but to also produce an engine that runs longer, performs better, and maximizes your productivity. Mile after mile, day in and day out.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

> **REDUCED COMPLEXITY AND PERFORMANCE UPGRADES**
>
> The new-generation PACCAR MX-13 engine challenges convention and pushes boundaries to produce a less complex, easier-to-service solution that enhances reliability. For example, the fully-encapsulated engine harness – a PACCAR exclusive – protects much better against the elements. Improved routing reduces wiring congestion and block-mounted connectors ensure a stable, stress-free solution. Connections between the engine and vehicle were reduced and further protected from the elements.

55. Repeatedly in its informational materials, PACCAR referenced the increased "uptime" associated with the EPA 2021 MX-13 engine, suggesting that trucks equipped with the EPA 2021 MX-13 engine would spend more time on the road and less time in the shop.

56. Due in part to its ability to promote the EPA 2021 MX-13 engine while successfully concealing the existence and nature of the Fuel System Defect, trucks equipped with this engine sold exceptionally well.

57. PACCAR enjoyed a record year in 2022, the first full year after the EPA 2021 MX-13 engine was introduced. Counting trucks equipped with this engine and trucks equipped with alternative powerplants, it delivered 185,900 trucks total, and generated record revenue of *$28.82 billion* and record net income of *$3.01 billion*.

58. For 2023, counting trucks equipped with the EPA 2021 MX-13 engine and trucks equipped with alternative powerplants, PACCAR delivered 185,300 trucks, and generated revenue of *$33.66 billion* and net income of *$4.16 billion*.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

***The Fuel System Defect***

59. The representations PACCAR made regarding the reliability of the EPA 2021 MX-13 engine as referenced herein were false.

60. From the very beginning, the fuel system in this engine was plagued with problems.

61. One primary component of a diesel engine fuel system is a fuel injector.

62. A fuel injector is a device used to meter and inject fuel into the combustion chamber of an engine.

63. When the fuel injector is open, liquid fuel passes through the injector under high pressure and becomes atomized as it exits through the injector's spray tip. The atomized fuel mixes with air and enters the combustion chamber where the mixture is ignited.

64. The following is an illustration of the fuel system in the EPA 2021 MX-13 diesel engine, with the fuel injectors identified as Nos. 1-6:



65. This is a cross-section of the fuel injector, with certain components identified:



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com




66. The EPA 2021 MX-13 diesel engine requires three separate injection events per combustion cycle. The injection events consist of:

- *Pre or pilot injection* – a small amount of fuel is injected prior to the main injection to preheat the combustion chamber and promote smoother combustion during the primary injection, to avoid a sudden pressure rise and engine knock. Pilot injections also help lower emissions and may aid cold starting.
- *Primary injection* – The bulk of the fuel is injected with rate and timing based on engine speed and throttle demand, optimized for efficiency and emissions control while maintaining cylinder pressure within allowable limits for the engine.
- *Post (or secondary) injection* – A small amount of fuel is injected after the primary injection helps to burn off soot (the primary constituent of particulate emissions) and may also help with NOx emissions.

67. For typical engine speeds, these injection events must all occur in or around four to five milliseconds (.004-.005 sec.). Accordingly, the injector must be capable of extremely rapid and crisp operation.

68. [redacted]



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

[redacted] This is known as negative fuel drift. [redacted]

69. [redacted] Certification was required before the engines could be manufactured and sold.

70. [redacted]

[redacted]

[redacted]

[redacted]

71. [redacted] This allowed the engines to be certified so they could go into production as scheduled.

72. Yet in its rush to begin producing these engines, PACCAR skipped an important step in the developmental process: [redacted]



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

73. PACCAR's decision to start production of the EPA 2021 MX-13 engine [redacted] proved disastrous for PACCAR's customers. The fuel injectors in these trucks malfunctioned at a much higher frequency and after far less use than anything they had seen previously.

74. These malfunctions were eerily similar to [redacted]: the fuel injectors were gradually reducing the amount of fuel delivered into the combustion chamber during the combustion cycle. [redacted]

75. This time, PACCAR found that deposits were collecting on the injector armature plate, causing it to stick. This prevented fuel from reaching the combustion chamber for pilot injection, the first of the three injection events of the combustion cycle. This resulted in the engine dropping the pilot injection and beginning the combustion cycle with the primary injection. This led to engine knocking, severe vibration and a generally rough-running engine, as PACCAR itself acknowledged in a document it labeled "Injector Storyline":

> The typical complaint is that the engine develops a knocking noise that is often accompanied by a misfire fault or dashlight. The driver will often complain that the engine is running rough. The engine is running rough because the pilot injection is being dropped due to a sticky, soft deposit forming inside the fuel injector. As background, the MX engine uses three injection events for every combustion cycle. The first, or pilot injection uses a very small amount of fuel to help smoothen and quiet combustion. The second injection is the main injection and this is where the engine's torque is generated. The third, or post injection is used to help reduce emissions. Since the soft deposit interferes with the pilot injection, we hear a louder and feel a rougher combustion event that also triggers misfire faults.

76. But these were not the biggest problems drivers faced. These trucks are equipped with computers that constantly monitor engine performance. When the fuel injectors in these engines malfunctioned, the computers sometimes would derate (reduce the power of) these engines to attempt to avoid further damage. This happened without warning and left the trucks virtually undrivable, even as they might be traveling down a highway. This was dangerous for both the drivers of these trucks and for surrounding vehicles.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

77. Further investigation revealed a potential link between these failures and certain fuel additives, particularly those used in colder climates during winter months. But John Rich, PACCAR's Chief Technology Officer, was quick to dispel the notion that "bad fuel" was to blame for the problems PACCAR was experiencing:

> I'm sure that you have heard by now….this is a very well known issue on US fuels, and is driving almost half of the warranty expense. I have no doubt that there are slightly higher levels of sodium and potassium from different refiners in Europe, but the issue is not Shell. Lots of data from the North American experience – the injector is not tolerant of normal contaminants in the fuel matrix. Our 21a's, Bosch, and Cummins injectors capable…new injector is not.
>
> Its been the biggest issue for US warranty for over 6 months. I trust that you are leveraging Brian for all of their learnings to date.

78. And indeed, PACCAR's "Injector Storyline" document makes clear the problem was the injectors themselves:




The purpose of this slide is to show why and where the soft deposits are forming. In order to make soft deposits, all three of these factors must be present. Metals like Calcium, Magnesium and Sodium come from engine oil and/or corrosion inhibitors used in the fuel pipelines. Acids are also needed and these come from corrosion inhibitors and biodiesel. These first two elements – metals and acids – have always been present but past designs were not affected. The EPA21 injector design activated the metals and acids in the fuel leading to soft deposits forming where the red arrow is pointing.

***PACCAR's Tortured Three-Year Journey to a Fix***

79. PACCAR's initial response to the problem was to issue a Powertrain Service Bulletin to dealers instructing them to perform a cleaning procedure on trucks experiencing this problem.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

80. This Bulletin, known as Bulletin E290, was issued in March 2022 and submitted to the National Highway Transportation Association ("NHTSA").

81. Bulletin E290 identified the fault codes associated with Fuel System Defect and explained:

> The diagnostic codes and injector problems may be caused by carboxylate clogging of injector internal ports. This cleaning procedure should clean the deposits, but it is not a permanent fix. If the problem returns, switching fuel sources may reduce the formation of deposits.

82. Bulletin E290 is most notable for what it did not say. Although it mentions that the flush procedure was not a permanent fix for the problem, it did not notify dealers that PACCAR had no idea how to fix the problem permanently. Equally significant, the bulletin recommends switching fuel sources if the problem returned, but PACCAR also had no idea what fuel sources to recommend in the alternative. Consequently, purchasing fuel became a blind and dangerous gamble for truck drivers. Even perfectly clean fuel that met all regulatory and industry standards could trigger injector failures in PACCAR trucks, which meant an over-the-road trucker leaving a remote truck stop in the middle of the night had no idea whether their fuel choice would leave him or her stranded 100 miles down the road.

83. PACCAR knew but did not tell dealers in Bulletin E290 or otherwise that hardware changes were necessary to enable these injectors to function properly.

84. On August 23, 2022, the manufacturer of the injectors, Borg Warner, provided a quote to PACCAR to modify the design of these injectors to include three holes in the injector armature:

> This quotation is for the potential change to the MY21 injector to increase robustness against fuel deposits.
>
> **Injector change:**
> To increase injector robustness against fuel related deposits in the field. New armature design with 3 holes plus optimisation of NCV settings (lift, final air gap and return spring pre-load). This increases the cost of the armature from the sub-supplier and requires some additional labour for the NCV setting.



85. These modified injectors, known as "3HA" (three-hole armature) injectors, were introduced in April 2023.

86. Between August 2022 and April 2023, despite knowing that hardware changes were necessary to enable the injectors to work properly and despite knowing these changes were underway, PACCAR continued producing engines with injectors that relied on the original, defective injector design; continued producing trucks equipped with these defective engines; and continued allowing consumers to purchase these trucks without informing them of the problem.

87. Meanwhile, [redacted]

88. [redacted]

[redacted]



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

[redacted]

89. [redacted]

90. This is all reflected in the following exchange between J.A.W.M. Smetsers, the Executive Director of PACCAR Purchasing Europe, and Brady Ericson, the President of Borg Warner Fuel Systems and Aftermarket:

[redacted]

[redacted]



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

[redacted]

91. In December 2022, PACCAR told the EPA and CARB about its defective fuel injector.

92. PACCAR forthrightly acknowledged that it [redacted]

[redacted]

93. [redacted]

94. [redacted] the three-hole armature design was anything but a permanent fix.

95. [redacted]

96. [redacted]

97. [redacted]



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

[redacted]

98. Nevertheless, PACCAR knew the three-hole armature design did not and would not meet PACCAR's expectations and that further modifications were required to make these injectors work properly.

99. PACCAR began working on a new injector design at least as early as May 2023. The new design was referred to as the "Pack 2" design.

100. [redacted]



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

101. The Pack 2 design was original equipment in model year 2024 trucks and was made available on a selective basis for model year 2021 through 2023 trucks beginning in approximately June 2024.

102. [redacted]

103. Although it remains unclear whether the Pack 2 design is a permanent hardware solution to the Fuel System Defect, PACCAR regards the Pack 2 injector as the permanent hardware solution to the Fuel System Defect.

104. This solution took *three full years* after the start of production of the EPA 2021 MX-13 engine to implement for trucks impacted by the Fuel System Defect. During that three-year period, truck owners came in for repair after repair after repair, receiving temporary fixes that in some cases, did not remedy the problem at all, and in other cases, provided only a short-term fix.

***The Limited Warranty Agreement***

105. Prior to June 2024, PACCAR did not and could not permanently remedy the Fuel System Defect that plagued the EPA 2021 MX-13 engine. There was no permanent fix for the problem. PACCAR did not even really know what was causing the problem. Volvo used a similar injector design in its diesel engine and the fuel system in that engine performed without any reported abnormal or unusual problems.

106. This May 2024 text from Lucas Weeks, PACCAR's Senior Test and Development Engineer, says it all (the acronym "SOP" means start of production):




107. Instead, all PACCAR could do was promote a series of temporary measures to try to keep trucks on the road. These included cleaning the injectors (reflected in Bulletin E290), recommending the use of fuel additive, updating the fuel system software so that it would temporarily compensate for the delayed operation of the armature (reflected in Bulletin E310), and



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

replacing failed injectors with other injectors having either the same design or the updated-but-still-flawed three-hole armature design.

108. PACCAR covered these temporary measures under its Limited Warranty Agreement, which is given to customers buying or leasing trucks equipped with PACCAR-manufactured engines. A true and correct copy of the Limited Warranty Agreement is attached hereto as Exhibit A.

109. The Limited Warranty Agreement is part of the basis of the bargain and is included in the purchase price of each vehicle. Customers are not required to pay extra to receive the Limited Warranty Agreement nor are they given the option to refuse the Limited Warranty Agreement.

110. Customers, including Plaintiffs herein, rely on the existence of the Limited Warranty Agreement in purchasing vehicles equipped with the MX-13 engine.

111. A copy of the Limited Warranty Agreement is presented to customers at or about the time the truck is delivered, and they are required to initial each page.

112. The terms of the Limited Warranty Agreement are drafted by PACCAR and are non-negotiable.

113. The Limited Warranty Agreement provides in pertinent part that the MX-13 engine "will be free from defects in materials and factory workmanship ('Warrantable Failures') appearing under normal commercial use and service during the time or mileage or hour limitations set forth in the attached Warranty Schedule [24 months, 250,000 miles or 6,250 hours]. The Engine Warranty extends only to you, the First Purchaser. The Emissions warranty is made to all owners of the Engine in the chain of distribution until the end of the Emissions warranty coverage period. Warranty coverage relating to the emissions components is outlined in the Emission Warranty Section in the PACCAR MX Operator's Manual, the terms and conditions of which are incorporated herein by reference."

114. The Emission warranty, which is incorporated by reference in the Limited Warranty Agreement, provides in pertinent part that "PACCAR warrants to the first purchaser or first lessee



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

and each subsequent purchaser that the engine is designed, built and equipped so as to conform at the time of sale by PACCAR with all U.S. Federal emission regulations applicable at the time of manufacture" (the "design and defect warranty"), and that the engine "is free from defects in material or factory workmanship which would cause it not to meet these regulations within the longer of the following periods: (A) Five years or 100,000 miles (160,000 kilometers) of operation, whichever occurs first, as measured from the date of delivery of the engine to the first purchaser or first lessee or (B) the base engine warranty" (the "performance warranty"). For vehicles registered in California, warranty coverage is for five years or 350,000 miles (560,000 km) or 10,500 of engine operation, whichever first occurs from the date of the delivery of the engine to the first purchaser or first lessee.

115. Fuel injectors are an emissions-related part and are therefore covered by PACCAR's Emissions warranty.

116. The Fuel System Defect triggered PACCAR's Emission warranty because it caused or had the potential to cause insufficient regeneration and high soot loading of the diesel particular filter due to incomplete or uneven fuel burning. This meant the EPA 2021 MX-13 engine had the potential to produce excess emissions, which would cause it to not conform to EPA regulations.

117. The Fuel System Defect also triggered PACCAR's Emission warranty because it required truck owners to maintain the fuel injectors, through cleaning or replacement, more often than allowed by EPA regulations. *See* 40 CFR §§ 86.094-25(b)(2) and 86.004-25(b)(4)(iii)(A). This is reflected in Bulletin E290, which functioned as an unauthorized update to the trucks' maintenance schedule.

118. Although fuel injectors are covered by the Emission warranty, PACCAR frequently covered injector cleanings and replacements under the Engine warranty where the engine was still within applicable month, mileage and hour limitations. This is reflected in the repair records of the Plaintiffs in this case, which often identify the "Applicable Warranty Type" as "Standard MX Engine" or "Base MX Engine" rather than "Emissions."



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

119. In covering injector cleanings and replacements under the Engine warranty and the Emission warranty, PACCAR implicitly acknowledged the Fuel System Defect was a "Warrantable Failure" within the meaning of the Limited Warranty Agreement.

120. Alternatively, to the extent PACCAR knew or believed the Fuel System Defect was not a "Warrantable Failure" within the meaning of Limited Warranty Agreement, PACCAR knowingly and intentionally waived its right to deny warranty coverage based on the terms of the parties' agreement and, as a matter of law, is precluded from asserting in this litigation that the Fuel System Defect is not a "Warrantable Failure" covered by the Limited Warranty Agreement.

121. PACCAR also is estopped from denying warranty coverage by its agreement with the EPA and CARB to extend warranty coverage on these defective fuel injectors. As discussed below, had PACCAR not agreed to extend the warranty on these fuel injectors—or taken the position the Fuel System Defect was not covered by the Limited Warranty Agreement—a recall almost certainly would have been ordered. PACCAR cannot, on the one hand, agree to extend warranty coverage on a defective emissions-related component to avoid a recall and then, on the other hand, claim the defect is not covered by the warranty in any event.

***PACCAR's Claim Reporting and Extension of the Warranty***

122. [redacted]



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

[redacted]

123. [redacted]

124. [redacted] Truck owners were forced to wait days or weeks just for new injectors to arrive (injectors that were just as defective as the injectors they were replacing).

125. [redacted] these trucks should have been recalled.

126. The EPA and CARB require manufacturers such as PACCAR to submit reports about defective emission components including regular reports showing the number of warranty claims for emission-related parts, other information for which good engineering judgment would indicate the component or system may be defective, such as information from dealers, field-service personnel, equipment manufacturers, hotline complaints, in-use testing, or engine diagnostic



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

systems, and if the number of shipped replacement parts for any individual component is high enough that good engineering judgment would indicate a significant possibility that a defect exists.

127. Warranty claims are reported by component and by engine family. When warranty claims cross certain pre-defined thresholds, certain action steps are required.

128. For the EPA, this threshold is 10% of vehicle production volume. Once warranty claims cross the 10% threshold, the manufacturer is required to analyze or "filter" the claims to determine which claims reflect an actual component failure. Then, if the filtered claims reach 10%, the manufacturer must propose a field action to address the problematic component. The manufacturer can either extend the warranty for emission-related parts for the vehicle's full useful life as defined by the EPA (10 years or 435,000 miles) or can institute a recall. The EPA then decides whether to accept the manufacturer's proposal or order alternative remedial action.

129. For CARB, the threshold is 50 or 2% of vehicle production volume, whichever is greater. If warranty claims cross this threshold, the manufacturer is required to analyze the claims to determine which represent actual component failures. If the number of actual failures exceeds 50 or 2% of vehicle production volume, whichever is greater, then the manufacturer is required to propose a field action. Again, it can extend the warranty for emissions-related parts for the vehicle's full useful life or can institute a recall. CARB then decides whether to accept the manufacturer's proposal or order the alternative remedial action.

130. [redacted]

131. The EPA 2021 MX-13 engine contains six fuel injectors, one for each cylinder.

132. Frequently, more than one injector would fail at a given time and require cleaning or replacement.

133. These failures should have been reported on a per-injector basis, so the EPA and CARB would have an accurate understanding as to the number of failures that were occurring.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

134. [redacted]

135. [redacted]

136. This was a massive problem that impacted almost one-third of the trucks PACCAR sold with this engine. And the impact was severe, as Mr. Weeks wrote in his October 2024 email:

| | |
|---|---|
| **From:** | Lucas Weeks |
| **Sent:** | Monday, October 7, 2024 2:26 PM |
| **To:** | Cloud Kuo |
| **Subject:** | RE: warranty topic slides |

About 2/3 of all EPA21 trucks have never had a fuel injector repair, but the 1/3 that have are really suffering.

137. Indeed, even without reporting failures on a per-injector basis, warranty claims related to fuel injectors in the EPA 2021 MX-13 engine [redacted]

138. [redacted]

139. [redacted]

140. PACCAR extended the warranty to 10 years or 435,000 miles on fuel injectors in the EPA 2021 MX-13 engine for model year 2021 through 2023.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

141. On information and belief, in proposing to extend the warranty rather than issue a recall, PACCAR did not tell the EPA or CARB that its warranty "repairs" were merely temporary measures to delay the problems associated with the Fuel System Defect.

142. On information and belief, in proposing to extend the warranty rather than issue a recall, PACCAR did not tell the EPA or CARB that it lacked a permanent solution for the Fuel System Defect.

143. PACCAR promoted the three-hole armature design as a permanent solution for the Fuel System Defect but [redacted]

***PACCAR's Express Warranty Failed of its Essential Purpose and is Unconscionable***

144. PACCAR's Limited Warranty Agreement, which encompasses both the Engine warranty and the Emissions warranty, sharply curtails the remedies available to customers purchasing trucks equipped with the EPA 2021 MX-13 engine who experience a mechanical breakdown. Indeed, the only remedy for these customers is the repair or replacement of "Warrantable Failures."

145. These limitations might be acceptable if, in repairing or replacing "Warrantable Failures," the EPA 2021 MX-13 engine could be made free from defects.

146. The Limited Warranty Agreement failed of its essential purpose because for at least three years, from the start of production of the EPA 2021 MX-13 engine in May 2021 until the introduction of the Pack 2 design as a replacement injector for model year 2021 through 2023 trucks in June 2024, there was no way to make the EPA 2021 MX-13 engine free from defects. There was no way to ensure the engine would comply with EPA standards for the remainder of its useful life. PACCAR could only offer truck owners temporary solutions that would delay but not fix the problem. Truck owners were forced to return to the dealer again and again for repeated ineffective repairs. It remains unclear whether the Pack 2 design is a permanent fix for the Fuel System Defect.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

147. The fuel injector cleaning procedure outlined in Bulletin E290 provided only temporary relief; fuel injectors often malfunctioned again without warning after minimal use, necessitating additional visits to the repair facility and additional downtime. Moreover, the long-term effects of the repeated failures and application of fuel injector cleaner remain a concern for many Plaintiffs and their mechanics.

148. Besides the cleaning procedure outlined in Bulletin E290, the only option was to replace the existing fuel injector with a new fuel injector, which often malfunctioned soon after the truck was put back into service. Again, these failures resulted in additional repairs, additional downtime and additional related costs.

149. Since no amount of warranty service would cure the Fuel System Defect, the EPA 2021 MX-13 engine could not be made free from defects under the terms of the Limited Warranty Agreement.

150. Since no amount of warranty service would cure the Fuel System Defect, there was no way to ensure the engine would comply with EPA standards for the remainder of its useful life.

151. The Limited Warranty Agreement is unconscionable because it was unilaterally drafted by PACCAR without negotiation or the opportunity for input from Plaintiffs or Class members; because PACCAR knew about the Fuel System Defect at the time these trucks were sold—information Plaintiffs and the Class did not possess and could not reasonably obtain—and chose not to disclose this information at or prior to the time of sale; and because even after it knew the Fuel System Defect could not be fully remedied by any of the temporary measures it was recommending to dealers, PACCAR continued installing the EPA 2021 MX-13 engine in trucks and selling those trucks to Class members.

152. Because of its superior knowledge, PACCAR had vastly superior bargaining power as compared with Plaintiffs and the Class and used that superior bargaining power to compel Class members to unwittingly assume extreme financial risks, which they would never have assumed had they known the truth about the EPA 2021 MX-13 engine. PACCAR robbed Plaintiffs and the Class of the ability to make an intelligent decision as to whether they should accept the limitations



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

in the Limited Warranty Agreement given the existence of a "Warrantable Failure" that could not be repaired or replaced.

153. PACCAR's superior knowledge regarding the Fuel System Defect renders unconscionable PACCAR's attempt to shorten the time limitation for bringing a cause of action under the Limited Warranty Agreement to just twelve months. PACCAR's internal documents are damning. PACCAR sat in silence while its customers—Plaintiffs and the Class—sought a permanent remedy for the Fuel System Defect when in fact a permanent remedy did not exist. PACCAR's silence, combined with the fact that it treated the Fuel System Defect as a "Warrantable Failure" capable of repair or replacement, forestalled potential claims that might have been brought much earlier if PACCAR had acknowledged and revealed the truth about this defect. PACCAR should not benefit from its fraudulent concealment of this problem which was known to PACCAR.

***The Experience of 10th Gear, LLC***

154. In 2021, Plaintiff 10th Gear, LLC special-ordered a new 2022 model year Kenworth truck equipped with an EPA 2021 MX-13 engine from MHC Topeka, an authorized Kenworth dealership.

155. Plaintiff 10th Gear, LLC took delivery of the truck in December 2021 and had it prepared for flatbed use.

156. Plaintiff 10th Gear, LLC began operating the truck in January 2022.

157. By March 2022, with just over 1,000 miles on the engine, Plaintiff 10th Gear, LLC began experiencing problems with the fuel system of the truck. In particular, the fuel injectors began malfunctioning.

158. Plaintiff 10th Gear, LLC returned the truck to the dealership and repairs were made under the Limited Warranty Agreement. Plaintiff 10th Gear, LLC suffered four weeks of costly downtime while the dealership tested, diagnosed and flushed the fuel system and replaced three fuel injectors.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

159. Plaintiff 10th Gear, LLC again experienced problems with the fuel system of the truck when the engine reached 37,226 miles. Plaintiff 10th Gear, LLC returned the truck to the dealership and repairs were made under the Limited Warranty Agreement. Plaintiff 10th Gear, LLC suffered two and a half weeks of costly downtime while the local dealership tested, diagnosed and flushed the fuel system.

160. Plaintiff 10th Gear, LLC experienced problems with the fuel system of the truck a third time when the engine reached 49,710 miles. Plaintiff 10th Gear, LLC returned the truck to the dealership and repairs were made under the Limited Warranty Agreement. Plaintiff 10th Gear, LLC suffered one week of costly downtime while the dealership tested, diagnosed and flushed the fuel system and replaced two fuel injectors.

161. Plaintiff 10th Gear, LLC experienced problems with the fuel system of the truck a fourth time when the engine reached 152,929 miles. Plaintiff 10th Gear, LLC returned the truck to the dealership and repairs were made under the Limited Warranty Agreement. Plaintiff 10th Gear, LLC suffered two and a half weeks of costly downtime while the dealership tested, diagnosed and flushed the fuel system and replaced one fuel injector.

162. Plaintiff 10th Gear, LLC experienced problems with the fuel system of the truck a fifth time when the engine reached 164,661 miles. Plaintiff 10th Gear, LLC returned the truck to the dealership and repairs were made under the Limited Warranty Agreement. Plaintiff 10th Gear, LLC suffered one week of costly downtime while the dealership tested, diagnosed and flushed the fuel system multiple times.

163. Plaintiff 10th Gear, LLC experienced problems with the fuel system of the truck a sixth time when the engine reached 172,239 miles. Plaintiff 10th Gear, LLC returned the truck to the dealership and repairs were made under the Limited Warranty Agreement. The truck was down for two days while the dealership tested, diagnosed and flushed the fuel system.

164. Plaintiff 10th Gear, LLC experienced problems with the fuel system of the truck a seventh time when the engine reached 202,995 miles. A fuel system malfunction triggered a "stop truck" alarm while in route to Amarillo, Texas. Plaintiff 10th Gear, LLC took the truck to a dealer



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

in Amarillo for repairs. Plaintiff 10th Gear, LLC suffered one week of costly downtime while the dealership tested, diagnosed and flushed the fuel system and replaced one fuel injector.

165. Finally, Plaintiff 10th Gear, LLC experienced problems with the fuel system of the truck an eighth time when the engine reached 206,601 miles. Again, a fuel system malfunction triggered a stop truck alarm while in route to Houston, Texas. Plaintiff 10th Gear, LLC took the truck to a dealer in Houston for repairs. Plaintiff 10th Gear, LLC suffered one week of costly downtime while the dealership tested, diagnosed and flushed the fuel system and replaced six fuel injectors.

***The Experience of G4 Innovations LLC***

166. Plaintiff G4 Innovations LLC purchased four new Kenworth trucks in 2021. These were T680 trucks, produced for model year 2022, and equipped with MX-13 diesel engines.

167. Plaintiff G4 Innovations LLC purchased the trucks from MHC Kenworth in Olathe, Kansas. MHC owns and operates numerous truck dealerships and service centers nationwide.

168. Plaintiff G4 Innovations LLC took possession of two of the trucks in August 2021 and the other two in September 2021.

169. Plaintiff G4 Innovations LLC received a PACCAR Limited Warranty Agreement with each of these trucks.

170. Plaintiff G4 Innovations LLC first began experiencing fuel system problems with one of these trucks in March 2022.

171. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff G4 Innovations LLC returned the truck to MHC Kenworth in Olathe, Kansas for repair.

172. These problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

173. MHC Kenworth repaired or purported to repair the truck, and Plaintiff G4 Innovations LLC assumed the problems had been resolved.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

174. In early 2023, Plaintiff G4 Innovations LLC began experiencing the same fuel system problems with each of its other trucks.

175. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff G4 Innovations LLC returned the trucks to MHC Kenworth for repair.

176. These problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

177. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

178. After repeated failed attempts to permanently fix the fuel system problems, MHC staff told Plaintiff G4 Innovations LLC the atomization holes in the injector's spray tips were too small and/or too few in number to allow the diesel fuel to flow through the injector properly. MHC staff told Plaintiff G4 Innovations LLC that a new fuel injector for the MX-13 engine was purportedly being developed, but at that time, there was no permanent solution for the Fuel System Defect.

179. Plaintiff G4 Innovations LLC's trucks have experienced significant downtime as a result of the issues alleged herein, and these issues have caused Plaintiff to suffer hundreds of thousands of dollars in damages. While PACCAR and Kenworth have processed warranty claims regarding this issue—thereby acknowledging the Fuel System Defect was a "Warrantable Failure"—they have yet to offer Plaintiff G4 Innovations LLC any permanent solution.

***The Experience of Little Diesel Transportation***

180. Plaintiff Little Diesel Transportation purchased five new Kenworth trucks in 2021. These were T680 trucks, produced for model year 2022, and equipped with MX-13 diesel engines.

181. Plaintiff Little Diesel Transportation purchased the trucks from MHC Kenworth in Springfield, Missouri.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

182. Plaintiff Little Diesel Transportation took possession of the trucks in December 2021 and January 2022, respectively.

183. Plaintiff Little Diesel Transportation received a PACCAR Limited Warranty Agreement with each of these trucks.

184. Plaintiff Little Diesel Transportation first began experiencing fuel system problems in February 2022.

185. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff Little Diesel Transportation returned the trucks to various Kenworth dealers including MHC Kenworth – Springfield, MHC Kenworth – Olathe, and MHC Kenworth – Kansas City for repairs.

186. These problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

187. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

188. These shops repaired or purported to repair the trucks, and Plaintiff Little Diesel Transportation assumed the problems had been resolved. But the repairs were ineffective and did not prevent the problems from reoccurring.

189. In May 2023, one truck suffered from a sudden, catastrophic engine failure, necessitating a complete engine rebuild which included the replacement of all six fuel injectors.

190. As of February 2024, Plaintiff Little Diesel Transportation's trucks had been in the shop for repairs nineteen (19) separate times over this issue for a total of 110 days of downtime.

***The Experience of Zeke and Lizzie LLC***

191. Plaintiff Zeke and Lizzie LLC purchased two new Kenworth trucks in 2022 and one new Kenworth truck in 2023. These were T680 trucks, produced for model years 2022 and 2024, and equipped with MX-13 diesel engines.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

192. Plaintiff Zeke and Lizzie LLC purchased the trucks from Saline Kenworth in York, Nebraska.

193. Plaintiff Zeke and Lizzie LLC took possession of the trucks in January 2022, February 2022, and March 2023.

194. Plaintiff Zeke and Lizzie LLC received a PACCAR Limited Warranty Agreement with each of these trucks.

195. Plaintiff Zeke and Lizzie LLC first began experiencing fuel system problems in February 2023.

196. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff Zeke and Lizzie LLC took the truck to Peterbilt in Garden City, Kansas for repair.

197. These problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

198. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

199. Peterbilt in Garden City, Kansas repaired or purported to repair the truck, and Plaintiff Zeke and Lizzie LLC assumed the problems had been resolved. But the repair was ineffective and did not prevent the problems from reoccurring.

200. In May of 2023, one of the trucks experienced a broken fuel injector which allowed oil to pour into the crankcase, thereby diluting the oil and causing significant progressive damage to other engine components. That same truck was later taken out of service again for additional repairs to its fuel system including flushes and software updates. Another truck that had experienced repeated fuel system failures eventually suffered a catastrophic engine failure due to conditions arguably caused by the Fuel System Defect.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

***The Experience of Vision AG LLC***

201. Vision AG LLC purchased one new Peterbilt truck in January 2023. This truck was produced for model year 2023 and equipped with the MX-13 diesel engine.

202. Plaintiff Vision AG LLC purchased the truck from Peterbilt in Garden City, Kansas.

203. Plaintiff Vision AG LLC took possession of the truck in January 2023.

204. Plaintiff Vision AG LLC received a PACCAR Limited Warranty Agreement with the truck.

205. Plaintiff Vision AG LLC first began experiencing fuel system problems with the truck in May 2023.

206. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff Vision AG LLC returned the truck to Peterbilt in Garden City, Kansas for repair.

207. These problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

208. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

209. Peterbilt in Garden City, Kansas repaired or purported to repair the truck, and Plaintiff Vision AG LLC assumed the problems had been resolved. But the repair was ineffective and did not prevent the problems from reoccurring.

***The Experience of L Z S Ceremonial Trails Inc.***

210. Plaintiff L Z S Ceremonial Trails Inc. purchased a new Peterbilt 579 in 2022. This was a Model 579 truck, produced for model year 2023, and equipped with a MX-13 diesel engine.

211. Plaintiff L Z S Ceremonial Trails Inc. purchased the truck from Rush Truck Center in Orlando, Florida.

212. Plaintiff L Z S Ceremonial Trails Inc. took possession of the truck in August 2022.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

213. Plaintiff L Z S Ceremonial Trails Inc. received a PACCAR Limited Warranty Agreement with this truck.

214. Plaintiff L Z S Ceremonial Trails Inc. first began experiencing fuel system problems with this truck in November 2022.

215. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff L Z S Ceremonial Trails Inc. returned the truck to Rush Truck Center in Orlando, Florida for repair.

216. These problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

217. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

218. Rush Truck Center in Orlando, Florida repaired or purported to repair the truck, and Plaintiff L Z S Ceremonial Trails Inc. assumed the problems had been resolved. But the repair was ineffective and did not prevent the problem from reoccurring.

219. In early 2023, Plaintiff L Z S Ceremonial Trails Inc. was told by Rush Truck Center in Orlando, Florida that their truck needed six new fuel injectors; however, the injectors were on a "national backorder" and their downtime was estimated at nearly 4 months, whereupon Plaintiff L Z S Ceremonial Trails Inc. had to file a complaint with Peterbilt to get the injectors expedited.

220. Plaintiff L Z S Ceremonial Trails Inc. has continued to suffer repeated fuel system failures, including the replacement of all six fuel injectors as recently as January 2025. In this latest instance, the repairing dealership was unable to secure the timely approval for the repair from PACCAR, which placed Plaintiff L Z S Ceremonial Trails Inc. in jeopardy of losing an established hauling contract. Consequently, Plaintiff L Z S Ceremonial Trails Inc. had to pay for the $6,318.38 repair out of pocket and seek reimbursement from PACCAR.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

***The Experience of Mattson's Lawn & Garden, Inc.***

221. Plaintiff Mattson's Lawn & Garden, Inc. purchased a new 2024 Kenworth W990 in 2023. This was a Model W990 truck, produced for model year 2024, and equipped with an EPA 2021 MX-13 diesel engine.

222. Plaintiff Mattson's Lawn & Garden, Inc. purchased the truck from Rihm Kenworth in Mankato, Minnesota.

223. Plaintiff Mattson's Lawn & Garden, Inc. took possession of the truck in June 2023.

224. Plaintiff Mattson's Lawn & Garden, Inc received a PACCAR Limited Warranty Agreement with this truck.

225. Plaintiff Mattson's Lawn & Garden, Inc first began experiencing fuel system problems with this truck in October 2023.

226. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff Mattson's Lawn & Garden, Inc returned the truck to Rihm Kenworth in Albert Lea, Minnesota for repair.

227. These problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

228. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

229. Rihm Kenworth in Albert Lea, Minnesota repaired or purported to repair the truck by replacing two malfunctioning injectors, and Plaintiff Mattson's Lawn & Garden, Inc. assumed the problems had been resolved. But the repair was ineffective and did not prevent the problem from reoccurring.

230. Plaintiff Mattson's Lawn & Garden, Inc.'s truck has since been taken out of service and returned to the dealership for fuel system repairs on numerous occasions. These repairs have included multiple system cleanings and multiple injector replacements, resulting in at least twenty two days of downtime.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

### *The Experience of CRC Transport, LLC*

231. Plaintiff CRC Transport, LLC purchased twenty-five new 2023 Peterbilt 389 trucks. These were Model 389 trucks, produced for model year 2023, and each equipped with an EPA 2021 MX-13 diesel engine.

232. Plaintiff CRC Transport, LLC. purchased the trucks from the following:

a. Unit 0345 – Hunter Truck Sales & Service, Inc. in Butler, PA / March 2023

b. Unit 0853 – Rush Truck Center in Fort Worth, TX / April 2022

c. Unit 3957 – Hunter Truck Sales & Service, Inc. in Butler, PA / February 2023

d. Unit 4132 – Hunter Truck Sales & Service, Inc. in Butler, PA / November 2022

e. Unit 6690 – Rush Truck Center in Fort Worth, TX / July 2022

f. Unit 6691 – Rush Truck Center in Fort Worth, TX / July 2022

g. Unit 6694 – Rush Truck Center in Fort Worth, TX / May 2022

h. Unit 6695 – Rush Truck Center in Fort Worth, TX / May 2022

i. Unit 6697 – Rush Truck Center in Fort Worth, TX / June 2022

j. Unit 6698 – Rush Truck Center in Fort Worth, TX / October 2022

k. Unit 6699 – Rush Truck Center in Fort Worth, TX / October 2022

l. Unit 6700 – Rush Truck Center in Fort Worth, TX / October 2022

m. Unit 6701 – Rush Truck Center in Fort Worth, TX / October 2022

n. Unit 6702 – Rush Truck Center in Fort Worth, TX / October 2022

o. Unit 6703 – Rush Truck Center in Fort Worth, TX / October 2022

p. Unit 6705 – Rush Truck Center in Fort Worth, TX / October 2022

q. Unit 6706 – Rush Truck Center in Fort Worth, TX / October 2022

r. Unit 6707 – Rush Truck Center in Fort Worth, TX / October 2022

s. Unit 6709 – Rush Truck Center in Fort Worth, TX / October 2022

t. Unit 9332 – Hunter Truck Sales & Service, Inc. in Butler, PA / February 2023

u. Unit 9335 – Hunter Truck Sales & Service, Inc. in Butler, PA / March 2023

v. Unit 9336 – Hunter Truck Sales & Service, Inc. in Butler, PA / March 2023



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

w. Unit 9339 – Hunter Truck Sales & Service, Inc. in Butler, PA / April 2023

x. Unit 9340 – Hunter Truck Sales & Service, Inc. in Butler, PA / April 2023

y. Unit 9356 – Hunter Truck Sales & Service, Inc. in Butler, PA / February 2023

233. Plaintiff CRC Transport, LLC received a PACCAR Limited Warranty Agreement with each of these purchases.

234. Below is a partial list of fuel system problems Plaintiff CRC Transport, LLC experienced with their trucks:

| | |
|---|---|
| Unit 0345 | On January 18, 2024, Unit 0345 was brought to Rush Truck Center in Mobile, AL with warning lights. Fuel injectors were cleaned via flush and faults became inactive. On 1/24/2024, Unit 0345 was brought back to Rush Truck Center in Mobile, AL with the same warning lights. Fuel injectors were replaced. |
| Unit 0853 | On December 28, 2023, Unit 0853 was brought to Rush Truck Center in Mobile, AL with CEL / Misfire codes and Recall E310. One injector was replaced. |
| Unit 3957 | As of February 2024, Unit 395 was at Rush Truck Center, Mobile, AL with fuel system problems. |
| Unit 4132 | On February 2, 2024, Unit 4132 was brought to Rush Truck Center in Mobile, AL with CEL / Misfire codes. Fuel injectors were cleaned. |
| Unit 6690 | On July 11, 2023 Unit 6690 was brought to Jackson Group Peterbilt in Portland with fuel system issues. Two injectors were replaced. |
| Unit 6691 | On March 23, 2023, Unit 6691 was brought to Rush Truck Center in Fort Worth, TX with issues with the fuel injectors. Fuel injectors were cleaned. On October 11, 2023, Unit 6691 was brought to Rush Truck Center in Mobile, AL. Fuel injectors were cleaned. |
| Unit 6695 | On February 7, 2023, Unit 6695 was brought to Peterbilt of Baltimore in Hagerstown, MD with the truck running rough. Fuel injectors were cleaned. On April 24, 2023, Unit 6695 was brought to Rush Truck Center, Mobile, AL with CEL/misfire codes. Fuel injectors were cleaned. On October 10, 2023, Unit 6695 was brought to Rush Truck Center, Mobile, AL with misfire codes. Fuel injectors were cleaned. |
| Unit 6697 | On February 1, 2023, this truck had to be towed to Peterbilt of Wyoming. Per dealer fuel injectors and fuel line had to be replaced, CRC bought parts for them because dealership had no parts. Injectors were replaced. On March 23, 2023, the truck was towed in to Rush Truck Center, Lubbock, TX. Main fuel line at fuel module was leaking, was replaced. Also, two injectors were replaced. On April 27, 2023, the truck would not start, towed in Rush Truck Center, Fort Worth, TX. Fuel injectors were cleaned. |
| Unit 6698 | On April 26, 2023, Unit 6698 was brought to Rush Truck Center, Mobile, AL with CEL/Misfire codes. Fuel injectors were cleaned. On October 16, 2023, Unit 6698 Rush Truck Center, Mobile, AL with Misfire codes. Fuel injectors were cleaned. |



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| | |
|---|---|
| Unit 6699 | On November 21, 2022, Unit 6699 was brought to Rush Truck Center, Mobile, AL with CEL/Misfire codes. Three fuel injectors were replaced, the rest were cleaned. On December 28, 2023, Unit 6699 was brought to Rush Truck Center, Mobile, AL with CEL/Misfire codes. Three fuel injectors were replaced, the rest were cleaned. On January 31, 2024, Unit 6699 was brought to Rush Truck Center, Mobile, AL with CEL/misfire codes. Fuel injectors were cleaned and fuel filters cleaned. |
| Unit 6700 | On April 14, 2023, Unit 6700 was brought to Rush Truck Center, Mobile, AL. One fuel injector was replaced. On January 31, 2024, Unit 600 was brought to Rush Truck Center, Mobile, AL with CEL/Misfire codes. Fuel injectors were cleaned. |
| Unit 6701 | On March 20, 2023, Unit 6701 came to Rush Truck Center, Mobile, AL with CEL/huge misfire /shakes a lot. Fuel injectors were cleaned, codes cleared. On January 10, 2024, Unit 6701 came to Rush Truck Center, Mobile, AL with CEL/injector codes. Fuel injector #6 was replaced. On February 5, 2024, Unit 6701 came to Rush Truck Center, Mobile, AL with CEL/misfire codes; 1-5 fuel injectors were replaced. |
| Unit 6702 | On February 23, 2023, Unit 6702 came to Rush Truck Center with CEL warning lights. Fuel injectors were cleaned. |
| Unit 6703 | On April 13, 2023, Unit 6703 came to Rush Truck Center, Mobile, AL with CEL/Misfire. Fuel injectors were cleaned. On January 11, 2024, Unit 6703 came to Rush Truck Center, Mobile, AL with CEL/injector codes. Injectors calibrated. |
| Unit 6705 | Unit 6705 had fuel injectors replaced under the E290 recall. |
| Unit 6706 | On January 19, 2024, Unit 6706 came to Rush Truck Center, Mobile, AL with CEL/injector codes. All 6 injectors were replaced. |
| Unit 6707 | On October 10, 2023, Unit 6707 came to Rush Truck Center with misfire. The fuel injectors were calibrated. |
| Unit 6709 | On March 20, 2023, Unit 6709 came to Rush Truck Center, Mobile, AL with an engine knock and FC P0300. Fuel injectors were cleaned. |
| Unit 9332 | On February 8, 2024, Unit 9332 came to Rush Truck Center, Mobile, AL with CEL/misfire codes. Fuel injectors were cleaned. |
| Unit 9335 | On January 9, 2024, Unit 9335 came to Rush Truck Center, Mobile, AL with CEL/misfire codes. Fuel injector #1 removed and replaced. |
| Unit 9336 | As of February 2024, Unit 9336 was at Rush Truck Center, Mobile, AL with fuel system issues. |
| Unit 9339 | On December 22, 2023, Unit 9339 came to Rush Truck Center, Mobile, AL with CEL/Misfire codes. Fuel injector #5 was replaced. |
| Unit 9340 | On September 18, 2023, Unit 9340 came to Rush Truck Center, Mobile, AL with CEL/Misfire codes. Fuel injectors were cleaned. |
| Unit 9356 | On February 2, 2024, Unit 3956 came to Rush Truck Center, Mobile, AL with CEL-E290. Fuel injectors and codes were cleaned. |

235. These problems were treated as a "Warrantable Failures" covered by the Limited Warranty Agreement.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

236. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

***The Experience of TRPVS, Inc.***

237. TRPVS, Inc. purchased one new Kenworth truck in September 2021. This truck was produced for model year 2022 and equipped with the MX-13 diesel engine.

238. Plaintiff TRPVS, Inc. purchased the truck from MHC Kenworth/Ford in El Paso, Texas.

239. Plaintiff TRPVS, Inc. took possession of the truck in September 2021.

240. Plaintiff TRPVS, Inc. received a PACCAR Limited Warranty Agreement with the truck.

241. Plaintiff TRPVS, Inc. first began experiencing fuel system problems with the truck in September 2021, when the truck had only been driven 2,456 miles.

242. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff TRPVS, Inc. took the truck to Kenworth in Mokena, Illinois for repair.

243. These problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

244. At no time did anyone state or suggest that these problems—the Fuel System Defect—were not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

245. Kenworth in Mokena, Illinois repaired or purported to repair the truck by replacing two fuel injectors and Plaintiff TRPVS, Inc. assumed the problems had been resolved; however, the repairs were ineffective and did not prevent the problems from reoccurring.

246. In November 2022, the truck suffered a catastrophic engine failure when its air filter came apart and was ingested into the engine. The engine was rebuilt under the Limited Warranty Agreement and the fuel injectors appear to have been re-used. Approximately six months later,



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Plaintiff TRPVS, Inc's truck suffered a *second* catastrophic engine failure when a fuel injector blew apart and destroyed the recently-rebuilt engine. The damaged engine was removed and a new long block assembly was installed. Four months later, the new engine began to misfire and knock when another fuel injector malfunctioned and had to be replaced. Two months later, it was back in the shop with another "fuel knock," requiring the replacement of all six fuel injectors.

***The Experience of Multi Logistic LLC***

247. Plaintiff Multi Logistic LLC purchased three new Kenworth T680 trucks in 2021. The trucks were produced for model year 2022 and equipped with MX-13 diesel engines.

248. Plaintiff Multi Logistic LLC purchased the trucks from an authorized Kenworth dealer in Maryland.

249. Plaintiff Multi Logistic LLC took possession of the trucks in early 2022.

250. Plaintiff Multi Logistic LLC received a PACCAR Limited Warranty Agreement with each of the trucks.

251. Each of Plaintiff Multi Logistic LLC's trucks experienced multiple problems with their fuel systems.

252. One truck, Unit 117, has been plagued with mechanical failures since it was new. In one instance, the fuel system malfunctioned in Oklahoma and rendered it inoperable. Plaintiff Multi Logistic LLC towed the truck from Oklahoma to a Kenworth dealer in Maryland where it sat several months for repairs to its fuel system and wiring harness. The dealer eventually replaced all six of the truck's fuel injectors and returned the truck to service. Unfortunately, the truck broke down again on its first trip out and was towed to an authorized dealer in Alabama. This time, technicians discovered one of the new fuel injectors had blown apart and destroyed the engine. Even with a new engine, the truck has continued to suffer fuel system malfunctions.

253. These problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

254. At no time did anyone state or suggest that these problems—the Fuel System Defect—were not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

255. The authorized dealers repaired or purported to repair the trucks, and Plaintiff Multi Logistic LLC assumed the problems had been resolved. But the repairs were ineffective and did not prevent the problems from reoccurring.

***The Experience of San Benito Equipment, LLC and Brent Redmond Transportation, Inc.***

256. Plaintiff San Benito Equipment LLC purchased ten Peterbilt model year 2024 trucks equipped with MX-13 diesel engines.

257. Plaintiff San Benito Equipment, LLC purchased the trucks in California.

258. Plaintiff San Benito Equipment, LLC received a PACCAR Limited Warranty Agreement with each of the trucks.

259. Plaintiff San Benito Equipment, LLC leased the trucks to Plaintiff Brent Redmond Transportation, Inc.

260. All ten of the trucks leased to Plaintiff Brent Redmond Transportation, Inc. have experienced repeated fuel system problems.

261. For instance, Unit 1315 was removed from service four times in a seven month period for fuel system malfunctions and thirteen fuel injectors were replaced during that time frame.

262. Further, Unit 1317 was removed from service with a fuel injector failure just four days after the fuel system software was updated. Ten months later, the same injector malfunctioned again. Two months later, all six injectors had to be replaced.

263. In response to the problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff Brent Redmond Transportation, Inc. returned the trucks to authorized dealers for repair.

264. The problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

265. At no time did anyone state or suggest these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

266. The authorized dealers repaired or purported to repair the trucks, and Plaintiffs San Benito Equipment LLC and Brent Redmond Transportation, Inc. assumed the problems had been resolved. But, the repairs were ineffective and did not prevent the problems from reoccurring.

267. Plaintiff Brent Redmond Transportation, Inc.'s ten trucks have collectively experienced at least 286 days of downtime due to fuel system problems.

***The Experience of CPC Constructors Inc.***

268. Plaintiff CPC Constructors Inc. purchased a model year 2023 Kenworth truck equipped with an MX-13 diesel engine.

269. Plaintiff CPC Constructors Inc. purchased the truck from an authorized dealer in Texas.

270. Plaintiff CPC Constructors Inc. received a PACCAR Limited Warranty Agreement with the truck.

271. Plaintiff CPC Constructors Inc.'s truck experienced repeated fuel system problems.

272. For instance, in one six month period, the fuel system in Plaintiff CPC Constructors Inc.'s truck malfunctioned and had to be removed from service on three separate occasions for various repairs to the fuel injection system.

273. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff CPC Constructors Inc. took the truck to an authorized dealer for repairs.

274. The problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

275. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

276. The authorized dealers repaired or purported to repair the truck, and Plaintiff CPC Constructors Inc. assumed the problems had been resolved. But the repairs were ineffective and did not prevent the problems from reoccurring.

277. Between June 2022 and November 2024, Plaintiff CPC Constructors Inc. experienced approximately 53 days of downtime due to problems with the truck's fuel system.

***The Experience of Voges and Scherzer Trucking LLC***

278. Plaintiff Voges and Scherzer Trucking LLC purchased two Peterbilt model year 2022 trucks equipped with MX-13 diesel engines.

279. Plaintiff Voges and Scherzer Trucking LLC purchased the trucks from an authorized Peterbilt dealer in Indiana.

280. Plaintiff Voges and Scherzer Trucking LLC received a PACCAR Limited Warranty Agreement with each of the trucks.

281. Both of Plaintiff Voges and Scherzer Trucking LLC's trucks have experienced repeated fuel system problems.

282. In one instance, a fuel injector cracked and filled the truck's engine crankcase with diesel fuel. The technician making the repair noted, "The oil has no more viscosity, and is practically green with fuel dilution." Each of Plaintiff Voges and Scherzer Trucking LLC's trucks had fuel injectors replaced multiple times.

283. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff Voges and Scherzer Trucking LLC took the trucks to an authorized dealer for repairs.

284. The problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

285. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

286. The authorized dealers repaired or purported to repair the trucks, and Plaintiff Voges and Scherzer Trucking LLC assumed the problems had been resolved. But the repairs were ineffective and did not prevent the problems from reoccurring.

***The Experience of Wolverine Haulers, LLC***

287. From April through June 2023, Plaintiff Wolverine Haulers, LLC purchased and/or leased four model year 2024 Peterbilt trucks equipped with MX-13 diesel engines

288. Plaintiff Wolverine Haulers, LLC purchased the trucks from authorized Peterbilt dealers in Michigan.

289. Plaintiff Wolverine Haulers, LLC received a PACCAR Limited Warranty Agreement with each of the trucks.

290. All of Plaintiff Wolverine Haulers, LLC's trucks have experienced fuel system problems.

291. Plaintiff Wolverine Haulers, LLC began to notice several of their trucks were experiencing fuel system malfunctions shortly after being placed into service. For instance, one truck's fuel injectors malfunctioned within 6,528 miles of service. Another engine required replacement fuel injectors after only being driven approximately 30,000 miles and was thereafter taken out of service multiple times for fuel system failures. Worse, repairs to these trucks were sometimes delayed for months reportedly due to a shortage of replacement fuel injectors.

292. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff Wolverine Haulers, LLC took the trucks to an authorized dealer for repairs.

293. The problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

294. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

295. The authorized dealers repaired or purported to repair the trucks, and Plaintiff Wolverine Haulers, LLC assumed the problems had been resolved. But the repairs were ineffective and did not prevent the problems from reoccurring.

296. Plaintiff Wolverine Haulers, LLC was recently forced to surrender its fleet trucks to PACCAR Financial because it could no longer service the debt on trucks that were often broken down, out of service and incapable of generating revenue.

***The Experience of BK Trucking Company, Inc.***

297. Plaintiff BK Trucking Company, Inc. purchased and/or leased three Kenworth trucks equipped with MX-13 diesel engines. The trucks were model years 2022 and 2023.

298. Plaintiff BK Trucking Company, Inc. purchased the truck from an authorized Peterbilt dealer in New Jersey.

299. Plaintiff BK Trucking Company, Inc. received a PACCAR Limited Warranty Agreement with each truck.

300. Plaintiff BK Trucking Company, Inc.'s trucks have experienced fuel system problems.

301. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff BK Trucking Company, Inc. took the truck to an authorized dealer for repairs.

302. These repairs included flushing the fuel system and replacing one of the injectors in June 2024 and additional repairs to the engine's fuel system in November and December of the same year.

303. The problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

304. At no time did anyone state or suggest that these problems—the Fuel System Defect—were not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

305. The authorized dealers repaired or purported to repair the trucks, and Plaintiff BK Trucking Company, Inc. assumed the problems had been resolved. But the repairs were ineffective and did not prevent the problems from reoccurring.

***The Experience of Hillford C Trucking, Inc.***

306. Plaintiff Hillford C Trucking Inc. purchased and/or leased a model year 2023 Peterbilt truck equipped with an MX-13 diesel engine.

307. Plaintiff Hillford C Trucking Inc. received the truck in Mississippi.

308. Plaintiff Hillford C Trucking Inc. received a PACCAR Limited Warranty Agreement with the truck.

309. Plaintiff Hillford C Trucking Inc.'s truck has experienced fuel system problems less than nine months after purchase.

310. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff Hillford C Trucking Inc. took the truck to an authorized dealer for repairs.

311. For example, on September 20, 2024, Plaintiff Hillford C Trucking Inc.'s truck was removed from service when the check engine light came on the fuel system began to malfunction. The technician discovered that five of the engine's six injectors needed to be replaced. Approximately six months later, the truck's check engine light came on again with the same issue. The technician flushed the fuel system, but the fault codes returned during a test drive. The fuel system had to be flushed a second time before being returned to service.

312. The problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

313. At no time did anyone state or suggest that these problems—the Fuel System Defect—were not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

314. The authorized dealers repaired or purported to repair the trucks, and Plaintiff Hillford C Trucking Inc. assumed the problems had been resolved. But the repairs were ineffective and did not prevent the problems from reoccurring.

***The Experience of AMS Trucking LLC***

315. Plaintiff AMS Trucking LLC purchased a model year 2024 Kenworth truck equipped with an MX-13 diesel engine.

316. Plaintiff AMS Trucking LLC purchased the truck from an authorized Kenworth dealer in Virginia.

317. Plaintiff AMS Trucking LLC received a PACCAR Limited Warranty Agreement with the truck.

318. Plaintiff AMS Trucking LLC's truck has experienced numerous fuel system problems.

319. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff AMS Trucking LLC took the truck to an authorized dealer for repairs.

320. In a span of a little over a year, Plaintiff AMS Trucking LLC's truck was taken out of service and into the dealership for fuel system repairs on at least ten separate occasions. These repairs included nine fuel injector replacements, ten fuel system flushes, a fuel system software update and repairs to the fuel lines (twice). Four of these failures occurred within the same month.

321. The problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

322. At no time did anyone state or suggest that these problems—the Fuel System Defect—were not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

323. The authorized dealers repaired or purported to repair the trucks, and Plaintiff AMS Trucking LLC assumed the problems had been resolved. But the repairs were ineffective and did not prevent the problems from reoccurring.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

***The Experience of NTA Ltd.***

324. In March and May 2022, Plaintiff NTA Ltd. purchased and/or leased five Kenworth model year 2023 trucks equipped with MX-13 diesel engines.

325. Plaintiff NTA Ltd. received the trucks in South Dakota.

326. Plaintiff NTA Ltd. received a PACCAR Limited Warranty Agreement with each of the trucks.

327. Plaintiff NTA Ltd. began experiencing fuel system problems with its trucks in December 2022.

328. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff NTA Ltd. returned the trucks to authorized dealers for repairs.

329. For example, in the span of roughly a year and a half, one of Plaintiff NTA Ltd.'s trucks was removed from service and returned the dealer for fuel system issues on at least 5 separate occasions. Repairs included the replacement of eight fuel injectors, 5 fuel system flushes and a fuel system software update.

330. These problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

331. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

332. The authorized dealers repaired or purported to repair the trucks, and Plaintiff NTA Ltd. assumed the problems had been resolved. But, the repairs were ineffective and did not prevent the problems from reoccurring.

***The Experience of 3 Rusty Nails, Inc.***

333. Plaintiff 3 Rusty Nails, Inc. purchased five model year 2022 Peterbilt trucks equipped with an MX-13 diesel engine.

334. Plaintiff 3 Rusty Nails, Inc. purchased the trucks from an authorized dealer in Georgia.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

335. Plaintiff 3 Rusty Nails, Inc. received a PACCAR Limited Warranty Agreement with each of the trucks.

336. All five of Plaintiff 3 Rusty Nails, Inc.'s trucks experienced fuel system problems. In one a six month period, one truck had fuel injectors replaced at 92,675 miles, 124,322 miles, and again at 166,380 miles.

337. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff 3 Rusty Nails, Inc took the trucks to an authorized dealer for repairs.

338. The problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

339. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

340. The authorized dealers repaired or purported to repair the trucks, and Plaintiff 3 Rusty Nails, Inc. assumed the problems had been resolved. But, the repairs were ineffective and did not prevent the problems from reoccurring.

***The Experience of Kimrad Transport LP***

341. Plaintiff Kimrad Transport LP purchased one model year 2022 Kenworth trucks, fifteen model year 2023 Kenworth trucks, and seven model year 2024 Kenworth trucks, all equipped with MX-13 diesel engines.

342. Plaintiff Kimrad Transport LP purchased the trucks from an authorized dealer in Texas.

343. Plaintiff Kimrad Transport LP received a PACCAR Limited Warranty Agreement with each of the trucks.

344. Plaintiff Kimrad Transport LP's trucks have experienced fuel system problems.

345. In response to the problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff Kimrad Transport LP took the trucks to an authorized dealer for repairs.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

346. In one sixteen-month period, one of Plaintiff Kimrad Transport LP's trucks was removed from service and taken into the dealership for fuel system repairs on at least five occasions. These repairs included multiple fuel system flushes, several fuel injector replacements, a fuel system software update and one particularly dangerous instance where a fuel injector cracked, filling the engine crankcase and diluting the engine oil with at least 2 gallons of diesel fuel. Plaintiff Kimrad Transport LP's other trucks have suffered similar failures.

347. These fuel system problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

348. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

349. The authorized dealers repaired or purported to repair the trucks, and Plaintiff Kimrad Transport LP assumed the problems had been resolved. But, the repairs were ineffective and did not prevent the problems from reoccurring.

***The Experience of Vintner's Logistics LLC***

350. Plaintiff Vintner's Logistics LLC purchased three model year 2022 Kenworth trucks equipped with MX-13 diesel engines.

351. Plaintiff Vintner's Logistics LLC purchased the trucks from an authorized dealer in Washington.

352. Plaintiff Vintner's Logistics LLC received a PACCAR Limited Warranty Agreement with each of the trucks.

353. All three of Plaintiff Vintner's Logistics LLC's trucks have experienced repeated fuel system problems.

354. In response to the problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff Vintner's Logistics LLC took the trucks to an authorized dealer for repairs.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

355. Collectively, Plaintiff Vintner's Logistics LLC's trucks have been removed from service for fuel system repairs on at least eleven occasions. These repairs include multiple fuel injector replacements, at least 13 fuel system flushes and fuel system software updates.

356. These fuel system problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

357. At no time did anyone state or suggest that these problems—the Fuel System Defect—were not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

358. The authorized dealers repaired or purported to repair the trucks, and Plaintiff Vintner's Logistics LLC assumed the problems had been resolved. But, the repairs were ineffective and did not prevent the problems from reoccurring.

***The Experience of Avala Express LLC***

359. Plaintiff Avala Express LLC purchased and/or leased nine model years 2022 through 2024 Kenworth trucks equipped with MX-13 diesel engines and one model year 2024 Peterbilt truck equipped with an MX-13 diesel engine.

360. Plaintiff Avala Express LLC purchased the trucks from authorized dealers in Texas, Wisconsin, Illinois, and Michigan.

361. Plaintiff Avala Express LLC received a PACCAR Limited Warranty Agreement with each of the trucks.

362. All of Plaintiff Avala Express LLC's trucks have experienced fuel system problems.

363. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff Avala Express LLC took the trucks to an authorized dealer for repairs.

364. Plaintiff Avala Express LLC's trucks have been removed from service for fuel system repairs on numerous occasions. These repairs include fuel system flushes, fuel injector replacements, fuel system software upgrades. One truck experienced a catastrophic engine failure



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

that required the engine to be retrofitted with a short block. Although the cause of the engine failure was not described, the damage was arguably caused by malfunctioning fuel system components.

365. The problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

366. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

367. The authorized dealers repaired or purported to repair the trucks, and Plaintiff Avala Express LLC assumed the problems had been resolved. But, the repairs were ineffective and did not prevent the problems from reoccurring.

***The Experience of Joshua Butler***

368. Plaintiff Joshua Butler purchased a Kenworth model year 2022 truck equipped with an MX-13 diesel engine.

369. Plaintiff Joshua Butler purchased the truck from an authorized dealer in Pennsylvania.

370. Plaintiff Joshua Butler received a PACCAR Limited Warranty Agreement with his truck.

371. Plaintiff Joshua Butler's truck experienced repeated fuel system problems.

372. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff Joshua Butler took the trucks to an authorized dealer for repairs.

373. Over the course of one ten month period, Plaintiff Joshua Butler's truck was removed from service for fuel system related repairs on at least three occasions. These repairs included nine injector replacements and multiple fuel system flushes. In one instance, a cracked fuel injector caused diesel fuel to pour into the engine's crankcase and dilute the engine's lubricating oil, causing the oil pressure to drop dramatically. The oil pressure has not returned to



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

normal since, causing concern as to whether the fuel injector failure caused progressive damage to the engine.

374. The problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

375. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

376. The authorized dealers repaired or purported to repair the truck, and Plaintiff Joshua Butler assumed the problems had been resolved. But the repairs were ineffective and did not prevent the problems from reoccurring.

***The Experience of KJM Enterprises, Inc.***

377. Plaintiff KJM Enterprises, Inc. purchased a Peterbilt model year 2023 truck equipped with an MX-13 diesel engine.

378. Plaintiff KJM Enterprises, Inc. purchased the truck from an authorized dealer in Kansas.

379. Plaintiff KJM Enterprises Inc. received a PACCAR Limited Warranty Agreement with its truck.

380. Plaintiff KJM Enterprises, Inc.'s truck experienced repeated fuel system problems.

381. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff KJM Enterprises, Inc. took the trucks to an authorized dealer for repairs.

382. Over the course of one four month period, KJM Enterprises Inc.'s truck was removed from service and taken into the shop for fuel system repairs on three separate occasions. These repairs included the replacement of eleven fuel injectors and multiple fuel system flushes and a "cold overnight soak." One technician noted, "[T]his truck has been here so ma[n]y times for [the] same issue. We performed injector cleaning[s] a lot of times and replaced all 6 injector[s]."



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

383. The problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

384. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

385. The authorized dealers repaired or purported to repair the truck, and Plaintiff KJM Enterprises, Inc. assumed the problems had been resolved. But the repairs were ineffective and did not prevent the problems from reoccurring.

***The Experience of LD Enterprise LLC***

386. Plaintiff LD Enterprises LLC purchased a Kenworth model year 2023 truck equipped with an MX-13 diesel engine.

387. Plaintiff LD Enterprises LLC purchased the truck from an authorized dealer in Pennsylvania.

388. Plaintiff LD Enterprises LLC received a PACCAR Limited Warranty Agreement with its truck.

389. Plaintiff LD Enterprises LLC's truck experienced repeated fuel system problems.

390. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff LD Enterprises LLC took the truck to an authorized dealer for repairs.

391. Plaintiff LD Enterprises LLC noticed a loss of power and a fuel knock in the engine within the first 2,000 miles of service. In one twenty month period, the truck was removed from service for fuel system repairs on at least eleven occasions. These repairs included the replacement of ten fuel injectors, numerous fuel system flushes and a fuel system software update.

392. The problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

393. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

394. The authorized dealers repaired or purported to repair the truck, and Plaintiff LD Enterprises LLC assumed the problems had been resolved. But the repairs were ineffective and did not prevent the problems from reoccurring.

***The Experience of Vancore, Inc.***

395. Plaintiff Vancore, Inc. purchased and/or leased nine model year 2022 Peterbilt trucks equipped with an MX-13 diesel engine.

396. Plaintiff Vancore, Inc. purchased the truck from an authorized dealer in Missouri.

397. Plaintiff Vancore, Inc. received a PACCAR Limited Warranty Agreement with its trucks.

398. Plaintiff Vancore, Inc.'s trucks experienced repeated fuel system problems.

399. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff Vancore, Inc. took the trucks to an authorized dealer for repairs.

400. In a one ten-month period, one of Plaintiff Vancore, Inc.'s trucks was removed from service and taken into the dealership for fuel system repairs on at least four separate occasions. These repairs included fuel injector replacements and six fuel system cleanings.

401. The problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

402. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

403. The authorized dealers repaired or purported to repair the truck, and Plaintiff Vancore, Inc. assumed the problems had been resolved. But the repairs were ineffective and did not prevent the problems from reoccurring.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

***The Experience of Webb Pallet Service Corporation***

404. Plaintiff Webb Pallet Service Corporation purchased and/or leased five Peterbilt trucks equipped with an MX-13 diesel engine.

405. Plaintiff Webb Pallet Service Corporation purchased the trucks from an authorized dealer in Minnesota.

406. Plaintiff Webb Pallet Service Corporation received a PACCAR Limited Warranty Agreement with its trucks.

407. Plaintiff Webb Pallet Service Corporation's trucks experienced repeated fuel system problems.

408. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff Webb Pallet Service Corporation took the trucks to an authorized dealer for repairs.

409. One of the trucks was removed from service and taken into a dealership for repair after only 75,000 miles of operation. Technicians discovered severe damage to the engine's crankshaft and other internal components believed to be caused by a malfunctioning injector diluting the engine oil. After a new engine was installed, the truck broke down again eight months later when the engine began knocking and fault codes reappeared. Technicians flushed the fuel system and returned the truck to service. A little over one month later, the truck was once again removed from service when the knocking noise returned and all six injectors were found to be malfunctioning and in need of replacement. The truck was removed from service again two months later for a fuel system software update.

410. The problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

411. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

412. The authorized dealers repaired or purported to repair the truck, and Plaintiff Webb Pallet Service Corporation assumed the problems had been resolved. But the repairs were ineffective and did not prevent the problems from reoccurring.

***The Experience of Spruce Trucking LLC***

413. Plaintiff Spruce Trucking LLC purchased six Kenworth model year 2022 and 2023 trucks equipped with an MX-13 diesel engine.

414. Plaintiff Spruce Trucking LLC purchased the truck from an authorized dealer in Colorado.

415. Plaintiff Spruce Trucking LLC received a PACCAR Limited Warranty Agreement with its trucks.

416. Plaintiff Spruce Trucking LLC's trucks experienced repeated fuel system problems.

417. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff Spruce Trucking LLC took the trucks to an authorized dealer for repairs.

418. One of Plaintiff Spruce Trucking LLC's trucks suffered a catastrophic engine failure when a cracked fuel injector caused diesel fuel to pour into the engine's crankcase and dilute the engine's lubricating oil, thereby causing extensive progressive engine damage. This same truck had been removed from service for a separate fuel system repair only three months prior.

419. The problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

420. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

421. The authorized dealers repaired or purported to repair the truck, and Plaintiff Spruce Trucking LLC assumed the problems had been resolved. But the repairs were ineffective and did not prevent the problems from reoccurring.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

***The Experience of M R On Time Construction, Inc.***

422. Plaintiff M R On Time Construction, Inc. purchased ten model year 2024 trucks equipped with an MX-13 diesel engine.

423. Plaintiff M R On Time Construction, Inc. purchased the truck from an authorized dealer in North Carolina.

424. Plaintiff M R On Time Construction, Inc. received a PACCAR Limited Warranty Agreement with its trucks.

425. Plaintiff M R On Time Construction, Inc.'s trucks experienced repeated fuel system problems.

426. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff M R On Time Construction, Inc. took the trucks to an authorized dealer for repairs.

427. For example, one truck was removed from service and returned to the dealership for repairs to the fuel system after only 13,801 miles of operation. The repairs included flushing the fuel system. Two months later, the truck was again removed from service and returned to the dealership for additional work on the fuel system.

428. The problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

429. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

430. The authorized dealers repaired or purported to repair the truck, and Plaintiff M R On Time Construction, Inc. assumed the problems had been resolved. But the repairs were ineffective and did not prevent the problems from reoccurring.

***The Experience of John H. Kooy Trucking, Inc.***

431. Plaintiff John H. Kooy Trucking, Inc. purchased four Kenworth trucks equipped with an MX-13 diesel engine.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

432. Plaintiff John H. Kooy Trucking, Inc. purchased the trucks from an authorized dealer in Washington.

433. Plaintiff John H. Kooy Trucking, Inc. received a PACCAR Limited Warranty Agreement with each truck.

434. Plaintiff John H. Kooy Trucking, Inc.'s trucks experienced repeated fuel system problems.

435. For example, one truck was removed from service and returned to the dealership after a fuel injector failed and had to be replaced after only 2,627 miles of operation. Later, all six injectors failed and had to be replaced. Other repairs to this engine have included fuel system flushes and upgrades to the fuel system software.

436. In response to these problems, and pursuant to the terms of PACCAR's Limited Warranty Agreement, Plaintiff John H. Kooy Trucking, Inc. took the trucks to an authorized dealer for repairs.

437. The problems were treated as a "Warrantable Failure" covered by the Limited Warranty Agreement.

438. At no time did anyone state or suggest that these problems—the Fuel System Defect—was not a "Warrantable Failure" or deny or attempt to deny coverage under the Limited Warranty Agreement.

439. The authorized dealers repaired or purported to repair the trucks, and Plaintiff John H. Kooy Trucking, Inc. assumed the problems had been resolved. But the repairs were ineffective and did not prevent the problems from reoccurring.

## TOLLING AND ESTOPPEL

440. Plaintiffs' causes of action did not arise until Plaintiffs discovered, or by the exercise of reasonable diligence should have discovered, that they were injured by PACCAR's wrongful conduct as alleged herein.

441. Because PACCAR concealed and failed to disclose the Fuel System Defect and because PACCAR affirmatively warranted and misrepresented that the EPA 2021 MX-13 engine



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

was free of defects, Plaintiffs did not discover and could not have discovered the Fuel System Defect through reasonable diligence.

442. The applicable statutes of limitations have been tolled by PACCAR's knowing and active concealment of the material facts regarding the EPA 2021 MX-13 engine, in particular facts regarding the Fuel System Defect and the unavailability of a permanent remedy for that defect, and by PACCAR's affirmative warranties and misrepresentations that the MX-13 engine was free of defects.

443. PACCAR kept Plaintiffs and the Class ignorant of vital information essential to pursue their claims, without any fault or lack of diligence on the part of Plaintiffs and Class members.

444. PACCAR was under a continuous duty to disclose to Plaintiffs and the Class the true character, quality, and nature of the EPA 2021 MX-13 engine.

445. At all relevant times, and continuing to this day, PACCAR knowingly, affirmatively, and actively misrepresented and concealed the true character, quality, and nature of the EPA 2021 MX-13 engine, in particular the Fuel System Defect and the fact that the Fuel System Defect could not be permanently remedied.

446. Plaintiffs and the Class repeatedly presented their trucks to PACCAR's authorized dealerships and repair facilities for repair of the Fuel System Defect. Ineffectual repairs and replacements were performed only to have fuel injectors malfunction again.

447. Pursuant to the doctrines of equitable tolling, equitable estoppel, and fraudulent concealment, the period for bringing claims shall not be barred due to any statute of limitations. With respect to each and every cause of action herein, Plaintiff expressly plead equitable tolling, equitable estoppel, and fraudulent concealment and its application thereto.

## CLASS ACTION ALLEGATIONS

448. Plaintiffs bring this action pursuant to Rules 23(b)(2) & (3) of the Federal Rules of Civil Procedure.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

449. Plaintiffs bring this action on behalf of the following Class:

**Nationwide Class.** All persons and entities in the United States who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

450. In the alternative to a Nationwide Class under the laws of the State of Washington, Plaintiffs bring this action on behalf of the following Statewide Classes defined in part based on where Plaintiffs purchased their trucks (the "Purchase Location Classes"):

i. **California Class.** All persons and entities who purchased or leased a new vehicle in the State of California equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

ii. **Colorado Class.** All persons and entities who purchased or leased a new vehicle in the State of Colorado equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

iii. **Florida Class.** All persons and entities who purchased or leased a new vehicle in the State of Florida equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

iv. **Georgia Class.** All persons and entities who purchased or leased a new vehicle in the State of Georgia equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

v. **Illinois Class.** All persons and entities who purchased or leased a new vehicle in the State of Illinois equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

vi. **Indiana Class.** All persons and entities who purchased or leased a new vehicle in the State of Indiana equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

vii. **Kansas Class.** All persons and entities who purchased or leased a new vehicle in the State of Kansas equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

viii. **Maryland Class.** All persons and entities who purchased or leased a new vehicle in the State of Maryland equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

ix. **Michigan Class.** All persons and entities who purchased or leased a new vehicle in the State of Michigan equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

x. **Minnesota Class.** All persons and entities who purchased or leased a new vehicle in the State of Minnesota equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xi. **Mississippi Class.** All persons and entities who purchased or leased a new vehicle in the State of Mississippi equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xii. **Missouri Class.** All persons and entities who purchased or leased a new vehicle in the State of Missouri equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xiii. **Nebraska Class.** All persons and entities who purchased or leased a new vehicle in the State of Nebraska equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xiv. **New Jersey Class.** All persons and entities who purchased or leased a new vehicle in the State of New Jersey equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xv. **North Carolina Class.** All persons and entities who purchased or leased a new vehicle in the State of North Carolina equipped with a



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xvi. **Pennsylvania Class.** All persons and entities who purchased or leased a new vehicle in the State of Pennsylvania equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xvii. **South Dakota Class.** All persons and entities who purchased or leased a new vehicle in the State of South Dakota equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xviii. **Texas Class.** All persons and entities who purchased or leased a new vehicle in the State of Texas equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xix. **Virginia Class.** All persons and entities who purchased or leased a new vehicle in the State of Virginia equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xx. **Washington Class.** All persons and entities who purchased or leased a new vehicle in the State of Washington equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xxi. **Wisconsin Class.** All persons and entities who purchased or leased a new vehicle in the State of Wisconsin equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

451. In the alternative to a Nationwide Class under the laws of the State of Washington or Statewide Classes defined in part based on where Plaintiffs purchased their trucks, Plaintiffs bring this action on behalf of the following Statewide Classes defined in part based on where Plaintiffs' businesses are located (the "Plaintiff Location Classes"):

i. **Alabama Class.** All persons and entities in the State of Alabama who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

ii. **California Class.** All persons and entities in the State of California who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

iii. **Colorado Class.** All persons and entities in the State of Colorado who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

iv. **Florida Class.** All persons and entities in the State of Florida who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

v. **Illinois Class.** All persons and entities in the State of Illinois who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

vi. **Indiana Class.** All persons and entities in the State of Indiana who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

vii. **Kansas Class.** All persons and entities in the State of Kansas who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

viii. **Maryland Class.** All persons and entities in the State of Maryland who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

ix. **Michigan Class.** All persons and entities in the State of Michigan who purchased or leased a new vehicle equipped with a PACCAR



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

x. **Minnesota Class.** All persons and entities in the State of Minnesota who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xi. **Missouri Class.** All persons and entities in the State of Missouri who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xii. **New Jersey Class.** All persons and entities in the State of New Jersey who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xiii. **New York Class.** All persons and entities in the State of New York who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xiv. **North Carolina Class.** All persons and entities in the State of North Carolina who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xv. **Pennsylvania Class.** All persons and entities in the State of Pennsylvania who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xvi. **South Dakota Class.** All persons and entities in the State of South Dakota who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xvii. **Tennessee Class.** All persons and entities in the State of Tennessee who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xviii. **Texas Class.** All persons and entities in the State of Texas who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

xix. **Washington Class.** All persons and entities in the State of Washington who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

xx. **Wisconsin Class.** All persons and entities in the State of Wisconsin who purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems with the vehicle's fuel injectors.

452. Excluded from the Classes are PACCAR, any officers or directors of PACCAR, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which PACCAR has or had a controlling interest.

453. The members of the Classes are so numerous that joinder of all members is impracticable. Although the precise size of the Classes remain unknown as of the date of this filing, PACCAR sold over 61,000 Peterbilt and Kenworth trucks equipped with an EPA 2021 MX-13 engine in the United States from June 2021 through June 2024.

454. Plaintiffs' claims are typical of the claims of the members of the Classes as all members of the Classes purchased or leased a new vehicle equipped with a PACCAR EPA 2021 MX-13 diesel engine and made a claim for repairs pursuant to the Limited Warranty Agreement accompanying the vehicle for problems related to the vehicle's fuel injectors.

455. Plaintiffs will fairly and adequately protect the interests of the members of the Classes and have retained counsel competent and experienced in class and complex litigation and class actions.

456. Plaintiffs have no interests antagonistic to or in conflict with those of the Classes.

457. Common questions of law and fact exist as to all members of the Classes and predominate over any questions solely affecting individual members of the Classes. Among the questions of law and fact common to the Classes are:

A. Whether the fuel injectors originally installed in the EPA 2021 MX-13 engine failed with higher frequency than fuel injectors in comparable engines or prior versions of the MX-13 engine;



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

B. Whether the fuel injectors originally installed in the EPA 2021 MX-13 engine failed after less use than fuel injectors in comparable engines or prior versions of the MX-13 engine;

C. Whether the Fuel System Defect is covered by PACCAR's Limited Warranty Agreement;

D. Whether PACCAR's Limited Warranty Agreement fails of its essential purpose;

E. Whether PACCAR breached its Limited Warranty Agreement;

F. PACCAR's knowledge regarding the Fuel System Defect;

G. PACCAR's disclosure or failure to disclose the Fuel System Defect;

H. The potential remedies, if any, for the Fuel System Defect.

458. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, the damages suffered by individual Class members, while significant, may pale in comparison to the cost and complexity of this action. The expense and burden of individual litigation may make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## CAUSE OF ACTION

### Breach of Express Warranty

459. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

460. Plaintiffs and the Class received PACCAR's Limited Warranty Agreement at the time they purchased or leased their trucks.

461. Under PACCAR's Limited Warranty Agreement, PACCAR warrants that the Engines "will be free from defects in materials and factory workmanship ('Warrantable Failures') appearing under normal commercial use and service during the time or mileage or hour limitations set forth in the attached Warranty Schedule."

462. Under PACCAR's Limited Warranty Agreement, PACCAR warrants that that the engine "is designed, built and equipped so as to conform at the time of sale by PACCAR with all



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

U.S. Federal emission regulations applicable at the time of manufacture and that it is free from defects in material or factory workmanship which would cause it not to meet these regulations within the longer of the following periods: (A) Five years or 100,000 miles (160,000 kilometers) of operation, whichever occurs first, as measured from the date of delivery of the engine to the first purchaser or first lessee or (B) The base engine warranty."

463. Under PACCAR's Limited Warranty Agreement, PACCAR is required to "repair or replace[] 'Warrantable Failures' at authorized United States and Canadian PACCAR engine dealers, or an authorized PACCAR Engine Facility where applicable."

464. Under PACCAR's Limited Warranty Agreement, PACCAR is required to make all adjustments, repairs or replacements necessary to ensure that the vehicle complies with applicable EPA emission standards, that it will continue to comply for the remainder of its useful life if proper maintenance and operation are continued, and that it will operate in a safe manner.

465. The Fuel System Defect is a "Warrantable Failure" within the meaning of the Limited Warranty Agreement.

466. PACCAR has repeatedly and consistently treated the Fuel System Defect as a "Warrantable Failure" within the meaning of the Limited Warranty Agreement.

467. PACCAR's treatment of the Fuel System Defect as a "Warrantable Failure" within the meaning of the Limited Warranty Agreement is determinative as to the issue of warranty coverage because PACCAR knows and has known the cause and nature of the Fuel System Defect while Plaintiff and the Class lacked that knowledge. PACCAR was and is in the best position to evaluate whether the Fuel System defect is covered by the Limited Warranty Agreement and has repeatedly and consistently determined that the Fuel System Defect is covered by the Limited Warranty Agreement.

468. Further, through its voluntary and intentional action of accepting coverage for warranty claims involving the Fuel System Defect PACCAR has waived its right to contest whether the Fuel System Defect is covered by the Limited Warranty Agreement.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

469. PACCAR also is estopped from denying the Fuel System Defect is a "Warrantable Failure" by its agreement with the EPA and CARB to extend warranty coverage for injector-related repairs in order to avoid a full recall.

470. PACCAR breached the Limited Warranty Agreement because, prior to June 2024, it could not repair or replace the "Warranty Failures" so the MX-13 engine would be free from defects.

471. PACCAR breached the Limited Warranty Agreement because, prior to June 2024, PACCAR could not make all adjustments, repairs or replacements necessary to ensure that trucks equipped with the EPA 2021 MX-13 engine complied with applicable EPA emission standards, would continue to comply for the remainder of their useful life if proper maintenance and operation were continued, and would operate in a safe manner. It remains unclear whether the Pack 2 design is a permanent fix for the Fuel System Defect.

472. On information and belief, at the time Class members purchased vehicles equipped with the EPA 2021 MX-13 engine, PACCAR knew that it could not honor the terms of its Limited Warranty Agreement because the fuel system in the EPA 2021 MX-13 engine was defective as set forth herein, and there was no way to permanently remedy the Fuel System Defect. The most that could be done was to affect a temporary repair that rendered the EPA 2021 MX-13 engine temporarily operational. But even after this repair was performed, the MX-13 engine remained subject to failing at any time, even after minimal use, necessitating repeated repairs and the associated downtime. The EPA 2021 MX-13 engine could not be made free from defects.

473. Plaintiffs and the Class used the EPA 2021 MX-13 engine in a manner consistent with its intended use and fulfilled every obligation required under the Limited Warranty Agreement.

474. Class members gave PACCAR clear and timely notice of the Fuel System Defect and afforded PACCAR multiple opportunities to honor the terms of its Limited Warranty Agreement. They brought their trucks to authorized dealers for repair, and PACCAR covered the Fuel System Engine Defect as a "Warrantable Failure." But the trucks could not be repaired



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

because the EPA 2021 MX-13 employed a defective fuel injection system. And there was no way to replace the fuel injectors and/or the related components of the fuel system because, until at least June 2024, non-defective parts were unavailable.

475. Because the "Warranty Failures" in the EPA 2021 MX-13 engine could not be repaired or replaced so as to render them free from defects, the Class was left without a remedy and the Limited Warranty Agreement failed of its essential purpose.

476. Moreover, the terms of the Limited Warranty Agreement, including the terms excluding PACCAR's liability for incidental and consequential damages, are unconscionable. The Limited Warranty Agreement is a form adhesion contract that the Class members could not negotiate or refuse when buying or leasing their trucks. The contract is wholly one-sided because at the time Class members purchased trucks equipped with the EPA 2021 MX-13 engine, PACCAR possessed knowledge regarding the Fuel System Defect that Class members did not possess and could not have acquired through reasonable investigation. PACCAR had vastly superior bargaining power and used that superior bargaining power to compel Class members to assume extreme financial risks they did not know they were assuming and would never have assumed had they known the truth about the EPA 2021 MX-13 engine.

477. Furthermore, PACCAR forced Class members to unknowingly assume risks to their safety and physical well-being. The defect in the EPA 2021 MX-13 engine can cause the engine to become inoperable at any time. Because the EPA 2021 MX-13 engine is often installed in vehicles used for over-the-road trucking, operators of those vehicles are often stranded in the middle of nowhere, far away from any service center or other facility that might install a temporary fix to make the EPA 2021 MX-13 engine operable again.

478. The defects in EPA 2021 MX-13 engine have caused class members to experience significant downtime caused by the failure of the fuel system, for which there is not currently a permanent solution. The exclusion of incidental and consequential damages in the Limited Warranty Agreement is procedurally and substantively unconscionable, and therefore unenforceable.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

479. Plaintiffs and the Class have been robbed of the benefit of their bargain: a reliable and operational engine free of material defects.

480. The repair and replacement services offered by PACCAR did not fix the problem with the EPA 2021 MX-13 engine. As a result of PACCAR's failure to properly or adequately repair or replace the "Warrantable Failure" in the EPA 2021 MX-13 engines installed in Plaintiffs' vehicle and vehicles owned or leased by other Class members, Plaintiff and the Class have suffered actual, incidental, and consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class demand judgment against PACCAR as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiffs as the Class representatives and appointing undersigned counsel as counsel for the Class;

B. Ordering PACCAR to provide notice to the Class of the Fuel System Defect;

C. Awarding Plaintiffs and the Class all permissible damages;

D. Awarding Plaintiffs and the Class pre-judgment and post-judgment interest;

E. Ordering PACCAR to pay for any future repairs to the fuel injectors of Class members' trucks until such time as the Pack 2 fuel injector design is proven to be permanent solution for the Fuel System Defect; and

F. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs and the Class hereby demand trial by jury on all issues so triable.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

RESPECTFULLY SUBMITTED AND DATED this 10th day of February, 2026.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Eden B. Nordby, WSBA #58654
Email: enordby@terrellmarshall.com
936 N. 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 206-816-6603
Facsimile: (206) 319-5450

David Marcus, *Admitted Pro Hac Vice*
Email: dmarcus@dlmlaw.com
Benjamin Donovan, *Admitted Pro Hac Vice*
Email: bdonovan@dlmlaw.com
DLM LAW LLC
4700 Belleview Avenue, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 268-6775
Facsimile: (816) 222-0534

*Attorneys for Plaintiffs*

# EXHIBIT A

# PACCAR ENGINE
# LIMITED WARRANTY AGREEMENT
## PACCAR MX Warranty
## United States

**THIS LIMITED WARRANTY AGREEMENT (“AGREEMENT”) LISTS THE RESPECTIVE RIGHTS AND RESPONSIBILITIES OF YOU, PACCAR INC (“PACCAR”), AND THE SELLING PACCAR ENGINE DEALER (“SELLING DEALER”). PLEASE READ THIS LIMITED WARRANTY CAREFULLY.**

PACCAR warrants to the original retail purchaser that the PACCAR MX engine (“Engine”) identified below is free from defects in materials and factory workmanship (“Warrantable Failures”) and agrees to repair Warrantable Failures appearing under normal commercial use and service free of charge within the time or mileage or hour limitations set forth in the attached Warranty Schedule (Dated 5/2021). **The Engine warranty extends only to you, the First Purchaser**. The Emissions warranty is made to all owners of the Engine in the chain of distribution until the end of the Emissions warranty coverage period. Warranty coverage relating to the emissions components is outlined in the Emission Warranty section of the PACCAR MX Operator’s Manual, the terms and conditions of which are incorporated herein by reference.

YOUR SOLE AND EXCLUSIVE REMEDY AGAINST PACCAR AND THE SELLING DEALER ARISING FROM YOUR PURCHASE AND USE OF THIS ENGINE IS LIMITED TO THE REPAIR OR REPLACEMENT OF “WARRANTABLE FAILURES” AT AUTHORIZED UNITED STATES AND CANADIAN PACCAR ENGINE DEALERS, OR AN AUTHORIZED PACCAR ENGINE FACILITY WHERE APPLICABLE, (REFERRED TO AS “AUTHORIZED DEALER” OR “AUTHORIZED DEALERS”) SUBJECT TO PACCAR’S TIME, MILEAGE, AND HOUR LIMITATIONS LISTED IN THE ATTACHED WARRANTY SCHEDULES. The maximum time, mileage and hour limitations in the Warranty Schedules begin running on the Date of Delivery to the First Purchaser, as shown below. **The accrued time, mileage, or hours is calculated when this engine is brought into an Authorized Dealer for correction of Warrantable Failures.**

**WARRANTY DISCLAIMER AND LIMITATIONS OF LIABILITY (ENGINE AND EMISSIONS)**

**This limited warranty is the sole warranty made by PACCAR and the Selling Dealer. Except for the above limited warranty, PACCAR and the Selling Dealer make no other warranties, express or implied.** PACCAR AND THE SELLING DEALER EXPRESSLY DISCLAIM ANY WARRANTY OF MERCHANTABILITY OR WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE.

IT IS AGREED THAT PACCAR AND THE SELLING DEALER SHALL NOT BE LIABLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES INCLUDING, BUT NOT LIMITED TO: LOSS OF INCOME OR LOST PROFITS; ENGINE OR VEHICLE DOWNTIME; THIRD PARTY DAMAGE, INCLUDING DAMAGE OR LOSS TO OTHER ENGINES, VEHICLES OR PROPERTY, ATTACHMENTS, TRAILERS AND CARGO; LOSS OR DAMAGE TO PERSONAL CONTENTS; COMMUNICATION EXPENSES; LODGING AND/OR MEAL EXPENSES; FINES; APPLICABLE TAXES OR BUSINESS COSTS OR LOSSES; ATTORNEYS’ FEES; AND ANY LIABILITY YOU MAY HAVE IN RESPECT TO ANY OTHER PERSON OR ENTITY.

This warranty does not apply to accessories supplied by the vehicle OEM which are covered by the OEM vehicle warranty.

Failures of belts and hoses supplied by PACCAR are covered during the first year from the Date of Delivery of the Engine to the First Purchaser. PACCAR does not warrant antifreeze, lubricants, filters, filter elements, or any other part which is considered a maintenance item. However, in its discretion, PACCAR will pay for lubricating oil, antifreeze, filter elements, belts, hoses, and other maintenance items only if the need for replacing such items is due to a Warrantable Failure to the PACCAR MX engine.

You are responsible for the safe operation and maintenance of the Engine and Emissions equipment as specified in the applicable Operator’s Manuals. You are responsible for providing proof that all recommended inspections and maintenance have been performed. Before the expiration of the applicable warranty, you must notify an Authorized Dealer of any Warrantable Failures and make the Engine available for Engine repair by such Authorized Dealer. You are responsible for delivery of the Engine to the Authorized Dealer. Locations in the United States and Canada of authorized PACCAR Engine dealers may be found on WWW.PACCARENGINES.COM

PACCAR IS NOT RESPONSIBLE FOR WEAR AND TEAR OR WEAROUT OF COVERED PARTS, storage deterioration, and changes in adjustment resulting from your use of the Engine.

Damage due to accident, misuse, abuse, neglect, negligence, improper or insufficient maintenance, or unauthorized modification is not warranted. This may include, but is not limited to: operation without adequate coolants, lubricants, or other fluids; over-fueling; over-speeding; lack of maintenance of the lubricating, cooling or air intake systems; improper storage, starting, warm-up, run-in or shutdown practices; and unauthorized modifications to the Engine.

Parts used to repair a Warrantable Failure may be new parts, approved remanufactured parts, or repaired parts. PACCAR is not responsible for failures resulting from the use of parts not approved by PACCAR. A new or approved remanufactured part used to repair a Warrantable Failure assumes the identity of the part it has replaced and is entitled to the remaining warranty coverage, if any.

**PACCAR is not responsible for damage or loss resulting from Engine horsepower/torque upgrades.**

**PACCAR reserves the right to inspect and download data from the Vehicle and Engine Electronic Control Modules (ECM) for purposes of failure analysis.**

Vehicle Telematics Subscription. Your PACCAR vehicle may include an activated subscription service that records and sends diagnostic and system data from your vehicle to PACCAR and selected suppliers and service providers for the purpose of assuring that your vehicle is operating properly, and to permit us to communicate with you regarding Vehicle Information. The Vehicle Information that we collect will also help us improve our vehicles in the future, and enable us to locate your vehicle under certain limited circumstances. PACCAR and its suppliers and service providers have implemented information and data security controls to safeguard the Vehicle Information we collect. By using the subscription services, you consent to the collection and use of the Vehicle Information in the manner described by PACCAR and its suppliers and service providers. If you choose not to allow PACCAR access to your data, you may suspend your subscription by contacting an authorized PACCAR dealer. If you sell or transfer title to the vehicle before the end of your subscription service, you are responsible for either notifying Kenworth of the end of your subscription or notifying the new owner of the active subscription and transferring it to the new owner. Kenworth disclaims any responsibility for the collection or use of data transmitted after a sale or transfer it is not aware of.

PACCAR IS NOT RESPONSIBLE FOR DAMAGE OR LOSSES CAUSED BY INCORRECT OIL, FUEL, DIESEL EXHAUST FLUID, COOLANT, OR ADDITIVES; WATER, DIRT OR OTHER CONTAMINANTS IN THE FUEL, OIL OR DIESEL EXHAUST FLUID; OPERATION WITHOUT ADEQUATE COOLANTS OR LUBRICANTS; OVER-FUELING; OVER-SPEEDING; IMPROPER STORAGE, STARTING, WARM-UP, RUN-IN OR SHUT-DOWN PRACTICES; OR UNAUTHORIZED MODIFICATIONS OF THE ENGINE. Failure of replacement parts used in repairs due to the above non-warrantable conditions is not warrantable.

If your Vehicle is disabled by a Warrantable Failure to the Engine during the base warranty period, PACCAR will pay the reasonable cost of towing the Vehicle to the nearest Authorized Dealer, or other facility authorized by PACCAR. In lieu of the towing expense and at the sole discretion of PACCAR, PACCAR will pay the reasonable costs of an authorized mechanic to travel to and from the location of the disabled Vehicle in order to perform the Engine repair.

PACCAR will pay for reasonable labor costs for Engine removal and reinstallation when necessary to repair a Warrantable Failure.

Warrantable Failures resulting in excessive oil consumption will be handled within the basic Engine coverage as stated in the attached Engine Schedule. Before a claim for excessive oil consumption, low power, or excessive fuel consumption will be considered for payment, you must submit adequate documentation to show that consumption exceeds PACCAR published standards

**TIME LIMIT ON COMMENCING LEGAL ACTION / OTHER TERMS**

IT IS AGREED THAT YOU HAVE 12 MONTHS FROM THE ACCRUAL OF THE CAUSE OF ACTION TO COMMENCE ANY LEGAL ACTION ARISING FROM THE PURCHASE OR USE OF THE ENGINE, OR BE BARRED FOREVER.

To the extent any provision of this limited warranty is found to contravene the law of any jurisdiction, the remainder of the warranty shall not be affected thereby.

Customer Initials PM

# PACCAR ENGINE
## LIMITED WARRANTY SCHEDULE
## PACCAR MX Warranty
## United States

THIS ENGINE WARRANTY SCHEDULE APPLIES ONLY TO ORIGINAL FACTORY EQUIPMENT AND IS SUBJECT TO THE TERMS AND LIMITATIONS IN THE ATTACHED LIMITED WARRANTY AGREEMENT. This Engine Warranty Schedule does not apply to the Vehicle or Emission related equipment, which is warranted separately. Warranty coverage relating to the Emissions components is outlined in the Emission Warranty section of the PACCAR MX Operator's Manual, the terms and conditions of which are incorporated herein by reference. Pursuant to the terms of the attached Limited Warranty Agreement, PACCAR Inc will pay warranty claims for Warrantable Failures within the following maximum limits in time, mileage, or hours, **whichever shall occur first**. The Warrantable Failure must be brought to the attention of an Authorized Dealer within 30 days of discovery.

.

**PACCAR MX Engine**

**Basic Engine -Twenty-four (24) months or 250,000 miles or 6,250 hours- (**all applications except fire apparatus)

**Fire Apparatus Truck Applications Basic Engine - Sixty (60) months or 100,000 miles**
(Owner is responsible for a US$100 deductible per each service visit in the 3rd, 4th and 5th years of warranty.)

**Major Engine Components - Sixty (60) months or 500,000 miles or 12,500 hours**

| | | | |
|---|---|---|---|
| Cylinder Block Casting | Crankshaft | Lube Pump Gear | Flywheel Housing |
| Main Bearing Bolts | Camshaft | Crankshaft Gear | Water Pump Housing |
| Cylinder Head Casting | Cam Follower Assemblies | Camshaft Gear | Thermostat Housing |
| Cylinder Head Capscrews | Connecting Rod Assemblies | Camshaft Idler Gear | |