UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10TH GEAR LLC, *et al.*,

                    Plaintiffs,

        v.

PACCAR, INC.,

                    Defendant.

CASE NO. 2:23-cv-01933-RSL

ORDER DENYING DEFENDANT'S
MOTION TO COMPEL (DKT. 84)

        This matter comes before the Court on "Defendant's Motion to Compel Discovery" from the plaintiffs named in the First Amended Complaint. Dkt. 84. Plaintiffs are purchasers and/or lessees of various vehicles equipped with EPA 2021 MX-13 diesel engines manufactured by defendant. Plaintiffs allege that the fuel system in their EPA 2021 MX-13 engines is defective because the fuel injectors fail at a much higher frequency and after far less use than fuel injectors in other comparable engines (including prior versions of the MX-13 engine). Plaintiffs allege that although defendant has attempted to fix the problem under its Basic Engine Warranty, the fixes have been temporary and plaintiffs continue to face repeated, unpredictable breakdowns, downtime, compromised engine longevity, and diminished resale value. Plaintiffs have asserted a breach of express warranty claim on behalf of a nationwide class of owners/lessees of vehicles with EPA 2021 MX-13 diesel engines and on behalf of various state subclasses.

ORDER DENYING DEFENDANT'S MOTION TO COMPEL
(DKT. 84) - 1

PACCAR served discovery aimed at determining whether there were alternative causes of the malfunctions or the downtime plaintiffs blame on the fuel system defect. In particular, defendant sought information regarding fueling/additives, routes, modes of operation, accident records, driver and mechanic training materials, daily driver reports regarding the condition of the vehicles, vehicle modifications, tax records from the past ten years, and the availability of space trucks. While some plaintiffs provided some of the requested information, many promised to supplement their responses if necessary or lodged objections. All plaintiffs objected to the request for information regarding vehicle modifications, which encompassed any and all custom components, alterations, modifications, and changes to the truck, but were willing to provide documents addressing changes to the MX-13 engine instead. Over a period of months, plaintiffs provided additional information for certain plaintiffs in response to certain requests for production. In October 2025, defendant indicated it was not satisfied with the production and plaintiffs suggested creating a written summary of the status of each plaintiff's responses to each discovery request. Plaintiffs produced a draft table for that purpose.[1] Defendant did not respond except to reiterate that it intended to file a motion to compel. Plaintiffs then requested that defendant identify outstanding issues given the variations in each plaintiff's documents and production so that the parties could determine if there was a true impasse. Defendant did not provide a list of outstanding issues and instead filed this motion to compel, including a chart identifying what it perceives as areas of disagreement. Dkt. 84 at 11-12.

In response to defendant's motion to compel, plaintiffs point out that they are nine separate companies of various sizes and sophistication, each with different record keeping

---

[1] If the structure of the table were acceptable, plaintiffs' counsel would indicate whether (1) production for a particular request was complete, (2) production was on-going, (3) there are no responsive documents, or (4) the client refused to produce the requested documents.

ORDER DENYING DEFENDANT'S MOTION TO COMPEL
(DKT. 84) - 2

and operational practices. In this context, it is not surprising that one plaintiff may be able to produce GPS data, for example, while another is not. Plaintiffs assert that, "with respect to virtually every discovery request PACCAR has identified in the chart appearing on pages 11-12 of its Motion, the [First Amended Complaint] Plaintiffs have either produced the documents requested or informed PACCAR the documents do no exist or are not in their possession, custody or control." Dkt. 93 at 7. Plaintiffs also argue that the few requests to which they have objected are disproportionate to the needs of the case because PACCAR's own documents acknowledge the existence, likely cause, and permanence of the fuel system defect.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) The meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1) are imposed for the benefit of the Court and the parties. They are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. In this case, PACCAR served over 100 requests for production on each of the plaintiffs identified in the First Amended Complaint. It sent letters in June - September 2024 identifying perceived shortcomings in plaintiff's productions, with follow-up letters and phone calls between October 2024 and March 2025. Supplemental discovery responses culminated in a July 2, 2025, letter from plaintiffs saying they had produced the bulk of the discovery PACCAR had requested. When it became clear in October 2025 that PACCAR was still dissatisfied and intended to file a motion to compel, it made no effort to identify, much less discuss, the outstanding issues. As presented in the motion, only nine of the 100+ requests for production remain at issue and, for the majority of those, the problem appears to be the format in which plaintiffs provided their responses.

ORDER DENYING DEFENDANT'S MOTION TO COMPEL
(DKT. 84) - 3

In the circumstances presented here, compliance with the rules would have involved identification and discussion of the specific shortcomings listed on pages 11-12 of the motion to compel with an opportunity for plaintiffs to explain, for example, that 10th Gear does not have any DVIRs or that TRPVS was willing to supplement its production. If PACCAR did not like the table plaintiffs created to facilitate this discussion, it should have proposed its own structure in order to ensure that its motion covered only genuine disagreements. It now appears that the only two areas of dispute regarding the written discovery involve Request for Production Nos. 29 and 50 and defendant's preference for a consolidated statement of each plaintiff's responses. With regards to defendant's inspection requests, there is no indication that the parties ever met and conferred regarding plaintiffs' objections or any instance in which the inspection has not been permitted.

The parties' briefing in this matter shows that further progress on virtually all issues (including the form of plaintiffs' responses) without judicial intervention was possible, if not probable. Because defendant failed to comply with Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1), the motion to compel is DENIED. The Court will address some of the arguments raised by the parties in order to guide future meet and confers.

(2)  To the extent plaintiffs argue that the requested production is irrelevant or unduly burdensome because PACCAR's own documents acknowledge the existence, likely cause, and permanence of the fuel system defect, the objection is overruled. Defendant is entitled to discovery aimed at (a) disproving plaintiffs' theory that the MX-13 engine has a fuel system defect that causes downtime and cannot be repaired, (b) showing that some of the downtime of which plaintiffs complain was related to problems other than the fuel system defect, (c) identifying atypical characteristics of each plaintiff's use or maintenance that would prevent class certification and/or break the causal chain, etc.

(3) The scope of defendant's requests is too broad, however. Plaintiffs' claim is for lost time and value associated with the fuel system defect. Unless a modification or repair

ORDER DENYING DEFENDANT'S MOTION TO COMPEL
(DKT. 84) - 4

involved or impacted the fuel system in some direct or indirect way, evidence of that modification or repair is irrelevant. For example, if a plaintiff installed an ergonomic seat in the cab or upgraded the truck's suspension system, defendant offers no theory through which these modifications would be relevant to a clogged fuel injector. With regards to repairs, plaintiffs are claiming damages associated with the time their trucks were not in operation because of fuel system repairs, dates that are already identified in PACCAR's warranty data. The only issue, then, is whether another problem, unrelated to the fuel system defect, was addressed at the same time and was responsible for some of the claimed downtime. Defendant's requests for production go well beyond this limited scope.

For all of the foregoing reasons, defendant's motion to compel (Dkt. 84) is DENIED without prejudice.

Dated this 27th day of March, 2026.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO COMPEL
(DKT. 84) - 5