UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10TH GEAR LLC, *et al.*,

                  Plaintiffs,

       v.

PACCAR, INC.,

                  Defendant.

CASE NO. 2:23-cv-01933-RSL

ORDER GRANTING IN PART
DEFENDANT'S MOTION TO
COMPEL (DKT. 86)

      This matter comes before the Court on "Defendant's Motion to Compel Discovery From Second Amended Complaint Plaintiffs." Dkt. 86. Plaintiffs are purchasers and/or lessees of various vehicles equipped with EPA 2021 MX-13 diesel engines manufactured by defendant. Plaintiffs allege that the fuel system in their EPA 2021 MX-13 engines is defective because the fuel injectors fail at a much higher frequency and after far less use than fuel injectors in other comparable engines (including prior versions of the MX-13 engine). Plaintiffs allege that although defendant has attempted to fix the problem under its Basic Engine Warranty, the fixes have been temporary and plaintiffs continue to face repeated, unpredictable breakdowns, downtime, compromised engine longevity, and diminished resale value. Plaintiffs assert a breach of express warranty claim on behalf of a nationwide class of owners/lessees of vehicles with EPA 2021 MX-13 diesel engines and on behalf of various state subclasses.

ORDER GRANTING IN PART DEFENDANT'S MOTION
TO COMPEL (DKT. 86) - 1

Two days after the Second Amended Complaint was filed, PACCAR served over 100 requests for production on the twenty-two newly-added plaintiffs aimed at determining whether there were alternative causes of the malfunctions or the downtime plaintiffs blame on the fuel system defect. In particular, defendant sought information regarding fueling/additives, routes, modes of operation, accident records, driver and mechanic training materials, daily driver reports regarding the condition of the vehicles, vehicle modifications, and tax records from the past ten years. Plaintiffs object to many of the requests, arguing that defendant's own documents establish the existence, likely cause, and permanence of the fuel system defect as well as the time the trucks were in the shop for warranty work related to the fuel system defect. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**(1) Request for Production No. 23[1]**

PACCAR seeks Driver Vehicle Inspection Reports and GPS data in its effort to determine whether there were any perceived problems with the trucks and where/how those trucks were driven on any given day. To the extent plaintiffs completed and still maintain DVIRs and to the extent they utilized GPS technology during the relevant period, supplemental production will be required.

**(2) Request for Production No. 29**

Plaintiffs have asserted a claim for lost profits associated with the loss of use of their vehicles while they underwent repairs. While plaintiffs' tax records are far from definitive on this issue, they are marginally relevant to the claim of lost profits and must be produced.

---

[1] The at-issue requests for production are identified in Exhibit E to the Declaration of Anthony Pisciotti. Dkt. 87-5. The Court has not considered argument regarding other requests for production.

ORDER GRANTING IN PART DEFENDANT'S MOTION
TO COMPEL (DKT. 86) - 2

**(3) Request for Production Nos. 33 and 55**

Plaintiffs object to PACCAR's requests for information regarding vehicle modifications, which encompasses any and all custom components, alterations, modifications, and changes to the truck. The scope of defendant's requests is too broad. Plaintiffs' claim is for lost time and value associated with the fuel system defect. Unless a modification or repair involved or impacted the fuel system in some direct or indirect way, evidence of that modification or repair is irrelevant. For example, if a plaintiff installed an ergonomic seat in the cab, changed the oil, or upgraded the truck's suspension system, defendant offers no theory through which these modifications would be relevant to a clogged fuel injector. In the absence of relevance, any burden of production is undue and disproportionate to the needs of the case. With regards to a truck's repair history, plaintiffs claim damages associated with the time their trucks were not in operation because of fuel system repairs. Those dates are already identified in PACCAR's warranty data. The only potential issue regarding non-fuel system repairs would be if another problem, unrelated to the fuel system defect, were addressed at the same time and could be responsible for some portion of the claimed downtime. Defendant's requests for production go well beyond this limited scope, however.

**(4) Request for Production No. 51**

PACCAR seeks the production of "[a]ll driver files for operators of the Trucks" and argues that production of what are essentially personnel files will enable it (a) to evaluate whether licensing or training gaps caused the clogged fuel injectors and associated downtime and (b) to identify potential witnesses.[2] Defendant postulates that a license or certificate program (or the absence of a license or certificate) impacts the way a driver operates the vehicle and that the way a driver operates the vehicle impacts the buildup of

---

[2] The request for production at issue does not mention or seek production of mechanic files.

ORDER GRANTING IN PART DEFENDANT'S MOTION
TO COMPEL (DKT. 86) - 3

deposits in the EPA 2021 MX-13 fuel injectors. While not entirely out of the realm of possibility, defendant seeks production of the drivers' entire personnel records without any showing that their applications, evaluations, or other personal data have any relevance. Speculation that the files might reveal training records that might relate in some unknown way to the fuel system defect is insufficient to justify production of the entire file. Plaintiffs shall, however, produce documents sufficient to show the identity of all drivers of the subject vehicles.

### (5) Request for Production No. 56

Defendant requests production of "[l]edgers, journals, logs, or other documentation evidencing the purposes for which the subject trucks were utilized, and the materials hauled."[3] It hopes to extract from these records information regarding where the truck operated, how far it was driven, when it was used, and what was hauled. While the benefit of this production is likely to be minimal, to the extent the Second Amended Complaint plaintiffs have the information in an accessible electronic format, the burden of production is similarly minimal.

For all of the foregoing reasons, defendant's motion to compel (Dkt. 86) is GRANTED in part and DENIED in part. The Second Amended Complaint plaintiffs shall provide full and complete responses to Requests for Production Nos. 23 and 29. Plaintiffs shall also provide documents related to (a) repairs or modifications to the EPA 2021 MX-13 diesel engine, (b) repairs or modifications to their vehicles' fuel system, (c) all repairs

//

//

---

[3] Neither this request for production nor the other requests that defendant identifies as at issue in this motion mention or seek production of fueling records.

ORDER GRANTING IN PART DEFENDANT'S MOTION
TO COMPEL (DKT. 86) - 4

or modifications performed while their vehicles were undergoing warranty service for the fuel system defect, (d) the identity of the drivers of the subject vehicles, and (e) hauling records to the extent they are in an accessible electronic format.

Dated this 30th day of March, 2026.

*MrS Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION
TO COMPEL (DKT. 86) - 5