The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 10TH GEAR LLC, G4 INNOVATIONS LLC, LITTLE DIESEL TRANSPORTATION, ZEKE AND LIZZIE, LLC, VISION AG, LLC, L Z S CEREMONIAL TRAILS, INC., MATTSON'S LAWN & GARDEN, INC., CRC Transport, LLC, TRPVS, Inc., MULTI LOGISTIC LLC, SAN BENITO EQUIPMENT, LLC, BRENT REDMOND TRANSPORTATION INC., CPC CONSTRUCTORS INC., VOGES AND SCHERZER TRUCKING LLC, WOLVERINE HAULERS LLC, BK TRUCKING COMPANY INC., HILLFORD C TRUCKING INC., AMS TRUCKING LLC, NTA LTD., 3 RUSTY NAILS, INC., KIMRAD TRANSPORT LP, VINTNER'S LOGISTICS LLC, AVALA EXPRESS LLC, JOSHUA BUTLER, KJM ENTERPRISES INC., LD ENTERPRISE LLC, VANCORE, INC., WEBB PALLET SERVICE CORPORATION, SPRUCE TRUCKING LLC, M R On Time Construction, Inc., JOHN H. KOOY TRUCKING, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v. | NO. 23-cv-1933-RSL<br><br>**ORDER DENYING MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPLAINT AND GRANTING MOTION TO SEAL** |

PACCAR, INC., a Delaware Corporation,

Defendant.

This matter comes before the Court on "PACCAR Inc.'s Motion to Dismiss Plaintiffs' Third Amended Complaint."[1] Dkt. 116. Plaintiffs are thirty-one purchasers and/or lessees of tractor-trailer and vocational trucks equipped with EPA 2021 MX-13 diesel engines manufactured by defendant PACCAR, Inc. ("PACCAR" or "defendant"). Plaintiffs allege that the fuel system in the EPA 2021 MX-13 engine is defective. They bring this putative class action lawsuit on behalf of themselves and a class of similarly situated individuals, asserting a cause of action for breach of express warranty. Dkt. 107. PACCAR moves to dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P.

---

[1] Plaintiffs moved to maintain under seal portions of the Third Amended Complaint that quote or describe discovery materials designated confidential by PACCAR and non-party PHINIA, Inc. Dkt. 101. The parties do not dispute that the PHINIA materials contain confidential technical and commercial information warranting protection. PACCAR has likewise shown that the redacted portions derived from its documents contain nonpublic information concerning fuel-injector design and testing, engineering investigations and analyses, business strategy, costs, and regulatory communications, the disclosure of which could harm its competitive standing. The Court therefore finds compelling reasons supporting the limited redactions. *See* LCR 5(g); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). Plaintiffs' motion to seal (Dkt. 101) is GRANTED. The redacted Third Amended Complaint shall remain publicly accessible, and the unredacted version shall remain under seal.

12(b)(6) or, in the alternative, moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Plaintiffs oppose the motion. Dkt. 125. Having reviewed the Third Amended Complaint, the memoranda and exhibits submitted by the parties, the record of the case, and the legal authorities, the Court denies the motion for the following reasons.[2]

**BACKGROUND**

Plaintiffs allege that the fuel injectors in their EPA 2021 MX-13 engines malfunction at a much higher rate and after far less use than fuel injectors in comparable engines or in prior versions of the MX-13 engine. Plaintiffs claim that the injectors malfunction because deposits accumulate on the armature plate, causing it to stick and prevent fuel from reaching the combustion chamber for pilot injection—the first of the three injection events of the combustion cycle. As a result, the engine drops the pilot injection and instead begins the combustion cycle with the primary injection—the second injection event. According to plaintiffs, this leads to "engine knocking, severe vibration and a generally rough-running engine." Dkt. 107 at ¶ 75. In addition, plaintiffs allege that when the fuel injectors malfunction, the vehicles' onboard computers sometimes reduce the engine power to avoid further damage. Plaintiffs claim this can occur without warning and leave a truck "virtually undrivable." *Id.* ¶ 76.

---

[2] This matter can be decided on the papers submitted; the Court denies defendant's request for oral argument.

Plaintiffs allege that the EPA 2021 MX-13 engines were introduced to the market in 2021 and immediately began experiencing fuel-injector malfunctions. Plaintiffs claim that PACCAR recognized the cause of the malfunction but did not know how to permanently fix the problem. Plaintiffs assert that PACCAR instead promoted a series of temporary measures to keep the trucks functioning, including cleaning the injectors, recommending the use of fuel additive, updating the fuel-system software, and replacing failed injectors with similarly designed injectors. Plaintiffs allege that these measures did not permanently resolve the problem and truck owners instead “came in for repair after repair,” suffering financial losses from vehicle downtime and diminished value. *Id*. at ¶ 104.

PACCAR provides customers buying or leasing trucks equipped with PACCAR-manufactured engines with a Limited Warranty Agreement. Plaintiffs allege that the Limited Warranty Agreement is included in the purchase price of the vehicle, that customers are not required to pay extra for it and are not given the option to refuse it, and that its terms are drafted by PACCAR and are non-negotiable. The Limited Warranty Agreement includes an Engine Warranty and incorporates a separate Emissions Warranty. Under the Engine Warranty, PACCAR warrants to the original retail purchaser that the MX engine is “free from defects in materials and factory workmanship (‘Warrantable Failures’)” and agrees to repair Warrantable Failures appearing under

normal commercial use and service within specified time, mileage, or hour limitations. *Id*. ¶ 113 & Ex. A. The Engine Warranty Schedule provides basic engine coverage for twenty-four months, 250,000 miles, or 6,250 hours, whichever occurs first. *Id*., Ex. A. The Emissions Warranty, in turn, warrants that the engine is "designed, built and equipped so as to conform at the time of sale by PACCAR with all U.S. Federal emission regulations applicable at the time of manufacture" and is "free from defects in material or factory workmanship which would cause it not to meet these regulations" during the applicable warranty period. *Id*. ¶ 114.

Plaintiffs allege that PACCAR "frequently covered" injector cleaning and replacement under the Engine Warranty when the engine remained within the applicable month, mileage, and hour limitations. *Id*. ¶ 118. According to plaintiffs, repair records for their trucks often identify the applicable warranty as "Standard MX Engine" or "Base MX Engine," rather than "Emissions." *Id*.

## STANDARD OF REVIEW

The question for the Court on a motion to dismiss under Rule 12(b)(6) is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025,

1031 (9th Cir. 2008). The Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

The principal difference between Rules 12(b)(6) and 12(c) is the timing of the motion. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Because the motions are "functionally identical," the same standard applies to both. *Id*. Thus, in considering a Rule 12(c) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the nonmoving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings is appropriate only when there is no material issue of fact in dispute and the moving party is entitled to judgment as a matter of law. *Id*.

**DISCUSSION**

"Preemption is rooted in the 'fundamental principle of the Constitution ... that

Congress has the power to preempt state law.'" *Ass'n des Éleveurs de Canards et d'Oies du Québec v. Bonta*, 33 F.4th 1107, 1113 (9th Cir. 2022) (quoting *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000)). Federal law may preempt state law expressly or impliedly. *Id*. Express preemption occurs when the "text of a federal statute explicitly manifests Congress's intent to displace state law." *Id*. (quoting *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1022 (9th Cir. 2013)). Implied preemption occurs either when Congress has occupied a field such that state regulation is foreclosed (field preemption), or when state law conflicts with federal law (conflict preemption). *Id*. at 1114.

PACCAR argues that the Clean Air Act ("CAA") preempts plaintiffs' breach of express warranty claim because the claim arises from federally mandated warranty coverage for emissions-related components. According to PACCAR, plaintiffs allege that it breached the Limited Warranty Agreement by installing defective fuel injectors in the EPA 2021 MX-13 engines, and plaintiffs "concede that the fuel injectors are an 'emissions-related part.'" Dkt. 116 at 1. PACCAR therefore contends that any warranty claim arising from defects in those injectors "'relat[es] to the control of emissions from … new motor vehicle engines'" and is preempted by CAA § 209(a), which provides that "[n]o State or any political subdivision thereof shall adopt or attempt to enforce any standard relating to the control of emissions from … new motor vehicle engines." *Id*.

(quoting 42 U.S.C. § 7543(a)). PACCAR points in particular to plaintiffs' allegations that the defective injectors could cause excess emissions and that PACCAR failed to ensure compliance with the Environmental Protection Agency ("EPA") regulations, arguing that plaintiffs thereby "seek to stand in EPA's shoes by attempting to enforce emissions standards through their breach of warranty claim." *Id*. (citing Dkt. 107 at ¶¶ 116, 471).

PACCAR further argues that EPA and the California Air Resources Board ("CARB") have already addressed the fuel injector issue by requiring PACCAR to extend the CAA-mandated warranty period. According to PACCAR, permitting plaintiffs to obtain additional damages or other relief would supplant the agencies' judgment and allow plaintiffs to "'rebalance the EPA's objectives[,]'" thereby "'disrupt[ing] the expert balancing underlying the federal scheme.'" *Id*. at 2 (quoting *In re Ford Motor Co. F-150 & Ranger Truck Fuel Econ. Mktg. & Sales Pracs. Litig*., 65 F.4th 851, 863 (6th Cir. 2023)).

PACCAR reads the Third Amended Complaint too narrowly. Although plaintiffs allege that the defective injectors caused or threatened noncompliance with federal emissions standards and invoke the Emissions Warranty on that basis, plaintiffs separately allege that the Engine Warranty requires the MX-13 engine to be "free from defects in materials and factory workmanship ('Warrantable Failures')," Dkt. 107 at ¶ 113, and that the defective fuel injectors caused "engine knocking, severe vibration and a

generally rough-running engine," *id.* ¶ 75, and sometimes reduced engine power to the point that the trucks were "virtually undrivable," *id.* ¶ 76. They further allege that PACCAR "frequently covered" injector cleaning and replacement under the Engine Warranty, *id.* ¶ 118, and breached the Limited Warranty Agreement because it could not repair or replace the Warrantable Failures so that the engine would be "free from defects," *id.* ¶ 470; *see also id.* ¶¶ 472, 475. Accepting these allegations as true as the Court must do at this stage of the litigation, plaintiffs plausibly plead an Engine Warranty theory based on defects affecting the operation of the engine without regard to whether those same defects also affected emissions compliance.[3]

Having concluded that plaintiffs have plausibly pleaded an independent Engine Warranty claim, the question, then, is whether the CAA nevertheless preempts plaintiffs' Engine Warranty theory. PACCAR argues in reply that it does because federal law itself requires manufacturers to warrant emissions-related components against defects in materials and workmanship. PACCAR emphasizes that the Engine Warranty similarly

---

[3] The Court reached a similar conclusion in denying PACCAR's first motion to dismiss the express warranty claim. The Court noted that PACCAR had "repeatedly agreed that the fuel injector problems are covered by the Basic Engine Warranty" and concluded that PACCAR's course of performance could shed light on the interpretation and application of the warranty. Dkt. 40 at 15. Although PACCAR now raises the distinct issue of CAA preemption, nothing in the Third Amended Complaint warrants a different conclusion as to whether plaintiffs have plausibly alleged coverage under the Engine Warranty.

promises that the engine will be "free from defects in materials and factory workmanship" and contends that the distinction between the Engine Warranty and the Emissions Warranty is therefore immaterial. Dkt. 128 at 10.

The Court is not persuaded. Section 207(a) requires manufacturers to warrant that covered vehicles or engines are "free from defects in materials and workmanship which cause such vehicle or engine to fail to conform" with applicable federal emissions regulations. 42 U.S.C. § 7541(a)(1)(B). The federal warranty is thus tied not simply to a defect in an emissions-related component, but to a defect that causes emissions noncompliance. *Caterpillar* recognizes this distinction. *In re Caterpillar Inc. C13 & C15 Engine Prods. Liab. Litig.*, 2015 WL 4591236 (D.N.J. July 29, 2015). There, the plaintiffs alleged that engines equipped with an emissions-control system repeatedly derated, shut down, and became inoperable. In concluding that the plaintiffs' Engine Warranty claim was not preempted, the court explained that "the alleged failure is not a failure to perform as an EPA-compliant engine, but a failure to perform as an engine at all." *Id*. at *11. The court further observed that warranty claims concerning defects in an engine's emissions system were "hardly comparable to efforts by state and local governments to adopt or enforce emissions standards" and concluded that the claims "for the most part do not concern an effort to adopt or enforce an emissions standard as understood in the context of the CAA as a whole." *Id*. The court separately held,

however, that the claim under the federally mandated emissions warranty was preempted because liability under that warranty depended on a defect causing the engines not to conform to EPA regulations. *Id*. at *13.

Unlike the plaintiffs in *Caterpillar*, plaintiffs here do allege emissions noncompliance and invoke the Emissions Warranty. But those allegations do not displace their alternative theory that PACCAR breached the Engine Warranty. That theory can be resolved based on the alleged effect of the injector defect on engine function and performance without determining whether the engines violated any federal emissions standard. That the fuel injectors are also emissions-related components does not transform every warranty obligation arising from their malfunction into an obligation imposed by the CAA. At this stage, the question is whether plaintiffs have plausibly alleged an independent Engine Warranty theory that does not depend on emissions noncompliance. Applying the reasoning of *Caterpillar*, they have. PACCAR has therefore not shown that plaintiffs' Engine Warranty theory is expressly preempted by § 209(a).

PACCAR's implied-preemption argument fares no better. PACCAR contends that EPA and CARB addressed the fuel injector issue by requiring extended warranty coverage and that allowing plaintiffs to obtain additional relief would impermissibly interfere with the agencies' chosen remedy. But plaintiffs' Engine Warranty theory does

not require the Court or a jury to determine that EPA or CARB selected an inadequate emissions remedy, impose a different emissions standard, order a recall, or otherwise alter PACCAR's federal regulatory obligations. It requires only a determination whether PACCAR breached its separate contractual promise to repair Warrantable Failures affecting operation of the engine. *See In re Caterpillar Inc. C13 & C15 Engine Prods. Liab. Litig.*, 2015 WL 4591236, at *14 (D.N.J. July 29, 2015) (rejecting defendant's argument that the CAA impliedly preempted "claims that [did] not relate to adoption or enforcement of emissions standards"). PACCAR has not shown that enforcement of that alleged contractual obligation would conflict with, or stand as an obstacle to, the federal emissions-regulatory scheme.[4]

The Court's ruling is limited. Because plaintiffs have plausibly alleged an Engine Warranty theory that is neither expressly nor impliedly preempted by the CAA, PACCAR is not entitled to dismissal of plaintiffs' breach of express warranty claim. The Court does not decide at this stage whether plaintiffs may separately recover under the Emissions Warranty, including whether any portion of that warranty exceeds the

---

[4] PACCAR also argues that plaintiffs' claim is impliedly preempted because Congress reserved enforcement of federal emissions standards to EPA. Even assuming the CAA occupies that field, plaintiffs have plausibly alleged an Engine Warranty theory that does not seek to enforce an emissions standard. That theory therefore does not intrude upon the federal regulation or enforcement of emissions standards.

coverage mandated by federal law and is therefore outside the scope of CAA preemption. Nor does the Court decide whether particular forms of relief—including relief that would require a recall, mandate a particular fuel-injector design, or otherwise alter obligations imposed or approved by EPA or CARB—may ultimately be preempted. Those issues are unnecessary to resolution of the present motion.

## CONCLUSION

For the foregoing reasons, PACCAR's motion to dismiss, Dkt. 116, is DENIED. Plaintiffs' Motion to Seal, Dkt. 101, is GRANTED. The redacted Third Amended Complaint shall remain publicly accessible, and the unredacted version shall remain under seal.

Dated this 1st day of October 2026.

Robert S. Lasnik
United States District Judge