The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

10TH GEAR LLC, G4 INNOVATIONS LLC, LITTLE DIESEL TRANSPORTATION, ZEKE AND LIZZIE, LLC, VISION AG, LLC, L Z S CEREMONIAL TRAILS, INC., MATTSON'S LAWN & GARDEN, INC., CRC Transport, LLC, TRPVS, Inc., MULTI LOGISTIC LLC, SAN BENITO EQUIPMENT, LLC, BRENT REDMOND TRANSPORTATION INC., CPC CONSTRUCTORS INC., VOGES AND SCHERZER TRUCKING LLC, WOLVERINE HAULERS LLC, BK TRUCKING COMPANY INC., HILLFORD C TRUCKING INC., AMS TRUCKING LLC, NTA LTD., 3 RUSTY NAILS, INC., KIMRAD TRANSPORT LP, VINTNER'S LOGISTICS LLC, AVALA EXPRESS LLC, JOSHUA BUTLER, KJM ENTERPRISES INC., LD ENTERPRISE LLC, VANCORE, INC., WEBB PALLET SERVICE CORPORATION, SPRUCE TRUCKING LLC, M R On Time Construction, Inc., JOHN H. KOOY TRUCKING, INC., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

NO. 23-cv-1933-RSL

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL**

PACCAR, INC., a Delaware Corporation,

Defendant.

Before the Court is "Defendant's Motion to Compel Inspections of Plaintiffs' Trucks." Dkt. 137. Plaintiffs oppose the motion. Dkt. 149. Having reviewed the parties' memoranda, the record of the case, and the relevant legal authority, the Court GRANTS in part and DENIES in part the motion for the reasons set forth below.

This is a putative class action brought by owners and lessees of commercial trucks equipped with EPA 2021 MX-13 diesel engines manufactured by PACCAR. Plaintiffs allege that the engines' fuel systems are defective because the fuel injectors fail prematurely and at an unusually high rate. The parties have generally worked cooperatively to arrange inspections of plaintiffs' trucks, agreeing on inspection dates and locations and completing numerous inspections without Court intervention. Their present disagreement concerns the scope and logistics of the remaining inspections. PACCAR seeks authority to conduct comprehensive inspections of the subject trucks, including their interior cabs, and generally prefers that inspections occur at PACCAR-authorized dealerships during regular business hours. Plaintiffs do not dispute PACCAR's entitlement to inspect the trucks, but object to inspection of private living and storage areas within the cabs and contend that requiring large commercial fleets to deliver trucks

to PACCAR-authorized dealerships would impose unnecessary operational burdens and expense.

Federal Rule of Civil Procedure 26(b)(1) permits discovery regarding nonprivileged matters that are relevant to any party's claim or defense and proportional to the needs of the case. Rule 34 permits a party to inspect, measure, photograph, test, or sample tangible things within another party's possession, custody, or control, and requires the request to specify a reasonable time, place, and manner for the inspection. Fed. R. Civ. P. 34(a)(1)(B), (b)(1)(B). If a party fails to permit an inspection requested under Rule 34, the requesting party may move to compel discovery. Fed. R. Civ. P. 37(a)(3)(B)(iv). In resolving such disputes, the Court must balance the requesting party's legitimate need for the discovery against the burden and proportionality concerns identified in Rule 26(b)(1).

The Court has previously recognized that discovery concerning the named plaintiffs' vehicle use, maintenance, repairs, downtime, and claimed losses is relevant to issues that may bear on class certification. Dkt. 139 at 3. PACCAR is therefore entitled to conduct reasonable inspections of the remaining subject trucks. The Court is not persuaded, however, that inspection of every remaining truck or a categorical requirement that all inspections occur at PACCAR-authorized dealerships is proportional to the needs of the case. Although the parties have successfully completed numerous inspections without Court intervention, their informal process has broken down with respect to the

remaining vehicles. More specific parameters are therefore warranted to permit discovery to proceed without unnecessary additional motion practice.

PACCAR is entitled to conduct reasonable inspections of a representative sample of the remaining subject trucks. Those inspections may include the protocol identified in PACCAR's notices, including visual and functional inspection, measurements and photographs, under-hood and chassis inspection, inspection of the fuel system, and retrieval of data from monitored systems. PACCAR may also inspect the interior cab to the extent relevant to the truck's operation, use, maintenance, or condition, but may not inspect closed storage compartments or drivers' personal belongings absent agreement of the parties or further order of the Court.

Within 14 days of this Order, PACCAR shall identify in writing the trucks it proposes to inspect from each remaining fleet and shall propose reasonable dates or date ranges for those inspections. Plaintiffs shall respond within 14 days, identifying any objection to PACCAR's proposed sample and providing reasonable alternative dates where necessary. The parties are not required to make all trucks selected for inspection within a particular fleet available on the same day and shall schedule inspections in a manner that reasonably minimizes disruption to plaintiffs' commercial operations.

The Court declines to require that all inspections occur at PACCAR-authorized dealerships. An inspection may occur at a plaintiff's facility if the facility provides a safe

and reasonably suitable location for the inspection, including sufficient space and access to permit PACCAR to perform the inspection protocol described above. PACCAR shall be responsible for bringing the personnel and equipment necessary to conduct the inspection. If a plaintiff cannot provide a reasonably suitable facility, or if the parties otherwise agree, the inspection shall occur at an appropriate PACCAR-authorized dealership during that facility's regular operating hours.

Within 7 days after plaintiffs provide their responses, counsel shall meet and confer regarding any remaining disagreement concerning the number or identity of trucks to be inspected, dates, or locations. If a dispute remains after that conference, the parties shall file a joint status report, not to exceed 5 pages, identifying only the matters that remain unresolved and briefly stating each party's position. No further motion concerning the logistics of these inspections may be filed without leave of Court.

To the extent PACCAR seeks inspection of every remaining subject truck or other relief inconsistent with the procedures set forth above, the motion is DENIED.

Dated this 1st day of October 2026.

Robert S. Lasnik
United States District Judge