The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 10TH GEAR LLC, G4 INNOVATIONS LLC, LITTLE DIESEL TRANSPORTATION, ZEKE AND LIZZIE, LLC, VISION AG, LLC, L Z S CEREMONIAL TRAILS, INC., MATTSON'S LAWN & GARDEN, INC., CRC Transport, LLC, TRPVS, Inc., MULTI LOGISTIC LLC, SAN BENITO EQUIPMENT, LLC, BRENT REDMOND TRANSPORTATION INC., CPC CONSTRUCTORS INC., VOGES AND SCHERZER TRUCKING LLC, WOLVERINE HAULERS LLC, BK TRUCKING COMPANY INC., HILLFORD C TRUCKING INC., AMS TRUCKING LLC, NTA LTD., 3 RUSTY NAILS, INC., KIMRAD TRANSPORT LP, VINTNER'S LOGISTICS LLC, AVALA EXPRESS LLC, JOSHUA BUTLER, KJM ENTERPRISES INC., LD ENTERPRISE LLC, VANCORE, INC., WEBB PALLET SERVICE CORPORATION, SPRUCE TRUCKING LLC, M R On Time Construction, Inc., JOHN H. KOOY TRUCKING, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs, | NO. 23-cv-1933-RSL<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS AND GRANTING PLAINTIFFS' MOTION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL OR IN OPEN COURT** |

v.

PACCAR, INC., a Delaware Corporation,

Defendant.

Before the Court are "Defendant PACCAR, Inc.'s Motion for Sanctions for Spoliation of Evidence and Failure to Permit Discovery," Dkt. 133, and "Plaintiffs' Motion to File Confidential Documents under Seal or in Open Court," Dkt. 146. Having reviewed the parties' memoranda, the record of the case, and the relevant legal authority, the Court DENIES defendant's motion for sanctions and GRANTS plaintiffs' motion to seal.

This is a putative class action brought by owners and lessees of commercial trucks equipped with EPA 2021 MX-13 diesel engines manufactured by PACCAR. Plaintiffs allege that the engines' fuel systems are defective because the fuel injectors fail prematurely and at an unusually high rate. This action was originally brought in December 2023, and Wolverine Haulers LLC ("Wolverine"), Spruce Trucking LLC ("Spruce"), and BK Trucking Company Inc. ("BK") were added to the lawsuit as plaintiffs in June 2025. Dkt. 55. Each owned trucks equipped with EPA 2021 MX-13 engines that experienced fuel-system problems and were taken to PACCAR-authorized dealerships for warranty repairs. Wolverine ceased operations in January 2025, and its lenders repossessed its

trucks, fifteen of which were repossessed by PACCAR Financial Corporation. Spruce sold two affected trucks in May 2024 and three additional trucks in May, August, and September 2025. BK sold one affected truck in November 2025 but retained two others, which were subsequently inspected by PACCAR. PACCAR contends that the sale and repossession of these trucks deprived it of the opportunity to inspect relevant physical evidence and seeks dismissal of the three plaintiffs' claims or, alternatively, evidentiary and monetary sanctions.

"Spoliation of evidence is the 'destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation.'" *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009). "This is an objective standard, asking not whether the party in fact reasonably foresaw litigation, but whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation." *Micron Technology, Inc. v. Rambus, Inc*., 645 F.3d 1311, 1320 (9th Cir. 2011). The moving party bears the burden to show spoliation by a preponderance of the evidence. *See United States v. Kitsap Physicians Serv*., 314 F.3d 995, 1001 (9th Cir. 2002). Upon a finding of spoliation, courts have discretion to impose sanctions including monetary sanctions, evidentiary preclusion, an adverse inference, and, in appropriate circumstances, dismissal or default. *In re Napster*, 462 F. Supp. 2d 1060, 1066 (N.D. Cal.

2006). A party's "motive or degree of fault is relevant to determine what sanction, if any, is imposed." *Id*. at 1066–67.

The parties dispute, among other things, when any duty to preserve arose, whether the sale or repossession of the trucks constituted spoliation, and the extent of any resulting prejudice to PACCAR. The Court need not resolve each of those issues. Even assuming without deciding that plaintiffs had a duty to preserve some or all of the trucks at issue and that their subsequent disposition constituted spoliation, the circumstances presented here do not warrant sanctions. Nothing in the record suggests that Wolverine, Spruce, or BK disposed of the trucks for the purpose of depriving PACCAR of relevant evidence or otherwise gaining a litigation advantage. Rather, the record indicates that the trucks were sold or repossessed for legitimate business and financial reasons unrelated to this litigation. The degree of fault is therefore limited.

Nor has PACCAR demonstrated prejudice warranting the severe sanctions it requests. Although inspection of the particular trucks could provide information relevant to PACCAR's defenses, PACCAR possesses contemporaneous warranty and repair records concerning the trucks and has had the opportunity to inspect other trucks equipped with the same EPA 2021 MX-13 engine. In addition, fifteen of Wolverine's trucks were repossessed by PACCAR Financial Corporation, and PACCAR has not shown that

records concerning those trucks or their disposition are unavailable. The Court expresses no opinion as to whether the absence of particular trucks may affect a plaintiff's ability to prove causation, damages, or any other element of its claims at a later stage of the litigation. To the extent the absence of a particular truck ultimately limits a plaintiff's ability to establish an element of its claim, that issue may be addressed through the ordinary course of litigation. It does not, on the present record, justify dismissal, an adverse inference, evidentiary preclusion, or monetary sanctions. For the foregoing reasons, the Court HEREBY DENIES Defendant's motion for sanctions (Dkt. 133).

Plaintiffs also move to maintain under seal the unredacted version of their opposition to PACCAR's motion for sanctions and certain exhibits containing confidential information produced by PACCAR and non-party PHINIA, Inc. Dkt. 146. The materials contain nonpublic technical, engineering, testing, business, and contractual information concerning the fuel injectors at issue, including information that PACCAR and PHINIA have maintained as confidential and whose disclosure could harm their competitive interests. For substantially the same reasons set forth in the Court's prior ruling on plaintiffs' motion to seal, Dkt. 101, the Court finds compelling reasons to maintain the identified materials under seal. Dkt. 146 is therefore GRANTED. The redacted response, Dkt. 141, shall remain publicly accessible, and the unredacted response and exhibits

provisionally filed under seal shall remain under seal.

Dated this 13th day of October 2026.

Robert S. Lasnik
United States District Judge